Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-465-ELG |
| | ) | (Chapter 11) |
| Synergy CHC Corp.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION TO SHORTEN TIME**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned proposed counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and Local Rule 9013-2, and move to shorten time to respond to the *Motion to Abandon Encumbered Assets* (the "Motion to Abandon") filed herewith, and to hold a hearing thereupon at 9:00 am prevailing eastern time on Tuesday, September 15, 2026, and in support thereof state as follows:

As this Honorable Court is aware, the party holding a lien on the assets referenced in the Motion to Abandon has not consented to the use of cash collateral and this Honorable Court has

---

[1] The Debtors in these cases are Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd.

declined to permit the use of cash collateral over that party's objection. This creates a scenario whereby the Debtors are holding certain encumbered assets solely for the benefit of a secured creditor and, as such, paying the costs of storage and insurance of those encumbered assets also solely for the benefit of a secured creditor. This is not an efficient use of estate resources and is not viable without the ongoing use of cash collateral.[2]

Continuing the status quo without permitted cash collateral use may endanger the viability of these otherwise-promising cases, as such would require (i) cash collateral be impermissibly used without consent or judicial permission, *see* 11 U.S.C. § 1112(b)(4)(D); (ii) estate assets be stripped of insurance, *see* 11 U.S.C. § 1112(b)(4)(C), and/or (iii) estate assets be maintained at a steep loss, *see* 11 U.S.C. § 1112(b)(4)(A).

The Debtors do, however, have several unencumbered assets that can—and will—be used to successfully advance these cases. As noted in the Motion to Abandon, the unencumbered (and, as such, not-to-be-abandoned) assets include (i) inventory in Mexico; (ii) intellectual property rights outside the United States and Canada; (iii) various depository accounts; and (iv) litigation rights. The Debtors can properly fund these cases by using and focusing on these assets, for which no cash collateral utilization is required. And doing so will ultimately promote an efficient liquidation for the benefit of all creditors.

[2] The Debtors still believe cash collateral use ought to be allowed whilst respectfully disagreeing with this Honorable Court's ruling thereupon. There does exist precedent for adequate protection to be premised on a lien on litigation proceeds, s*ee In re Gosnell Dev. Corp*., 221 B.R. 776, 777 n.1 (Bankr. D. Ariz. 1998) ("The Court previously ordered that Reppel be given a replacement lien against any recovery by the estate in certain other litigation as adequate protection of its purported lien, pending resolution of this claim objection."). *Cf. Official Comm. of Unsecured Creditors of Qualitech Steel Corp. v. Bank Grp. (In re Qualitech Steel Corp.)*, 2001 U.S. Dist. LEXIS 11768, at *10 (S.D. Ind. July 5, 2001) (addressing a case where adequate protection took the form of a replacement lien and avoidance actions were "the only post-petition asset of significant value").

Accordingly, the Debtors ask that time be shortened on the Motion to Abandon, such that a hearing be held at 9:00 am prevailing eastern time on Tuesday, September 15, 2026, via hybrid means (i.e., via Zoom and in-person), and that parties be permitted to respond to the Motion to Abandon at the hearing thereupon.

Respectfully submitted,

Dated: September 14, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein and with copies also being sent to all parties on the master service list, ECF No. 32, who have an e-mail address listed thereupon (except where such party is already receiving notice via CM/ECF).

/s/ Maurice B. VerStandig
Maurice B. VerStandig