**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **Synergy CHC Corp.,**[1] | **Case No. 24-00465-ELG** |
| **Debtors.** | **Chapter 11 – Jointly Administered** |

**THE UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE, OR IN THE ALTERNATIVE, TO DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, moves this Court to convert this chapter 11 case to chapter 7, or in the alternative, requests that the Court direct the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a), whichever is in the best interests of the creditors and the estate. In support of this motion the U.S. Trustee states as follows:

**JURISDICTION AND VENUE**

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.

[1] The Debtors in these cases are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG.

Kristen S. Eustis
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.s.Eustis@usdoj.gov

4. The U.S. Trustee is also a recognized party-in-interest with standing to request conversion of a chapter 11 case, or to request the appointment of a chapter 11 trustee. *See* 28 U.S.C. § 586(a)(8) ("in any case in which the United States trustee finds material grounds for relief under Section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief"); *see also* 11 U.S.C. § 1104(a).

5. The U.S. Trustee has standing to be heard on the issues raised by this Motion pursuant to 11 U.S.C. § 307.

6. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

7. On September 4, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Columbia.

8. Shortly before commencing these cases, the Debtors appointed Lauren P. Berret ("Ms. Berret") of Eisner Advisory Group LLC ("EA) to act as their Chief Restructuring Officer ("CRO"). Ms. Berret was appointed CRO of Synergy by its board of directors, with her engagement being expressly ratified by the board, on September 2, 2026. *See* Resolution of Board of Directors of Synergy CHC Corp. Case No. 26-465, Doc. No. 1, p. 6 of 81 ("Board Resolution"). The Board Resolution referenced an engagement agreement that had been entered into between Synergy CHC Corp. and EA dated August 26, 2026 by EA and Jack Ross as Chairman and Chief Executive Officer.

9. The Board Resolution was signed solely by Jack Ross as CEO.

10. The Debtor and the affiliates each filed Schedules and a Statement of Financial Affairs, which disclosed:

a. Synergy CHC Corp. lists no potential claims or causes of action against Jack Ross in Schedule A/B. Synergy CHC Corp. does disclose in its Statement of Financial Affairs payments to Jack Ross, relatives or companies in control of Ross, including $370,966.80 to Kenek Brands, Inc., at 3.10, $1,637,169.02 to Kenek Brands, Inc. at 4.1, and $60,000 to Gowan Properties, Inc. at 4.2.

b. Synergy CHC Inc. lists no potential claims or causes of action against Jack Ross in Schedule A/B. Synergy CHC Inc. does disclose in its Statement of Financial Affairs payments to Jack Ross, relatives or companies in control of Ross, including $49,457.34 to Gowan Properties, Inc. at 3.2, $21,848.92 to Kyle Ross (son-in-law to Jack Ross) at 4.1, $10,059.97 to Lori Ross (daughter-in-law to Jack Ross) at 4.2 and $162,773.22 to Gowan Properties, Inc. at 4.3. Notably, while the payments at 4.3 are described as "Rent", Schedule G shows no lease agreement with Gowan Properties, Inc.

c. The remaining four entities disclose no potential claims or causes of action against any insiders, nor do they disclose any additional transfers in the Statement of Financial Affairs.

11. On September 7, 2026, the Debtors filed the Application, wherein they seek the entry of an order authorizing the employment of Ms. Berret of EA as CRO of the Debtors pursuant to Sections 327 and 363 of the Bankruptcy Code. The Application was accompanied by a Declaration of Ms. Berret in support of the Application. ("Application to Appoint CRO"). Doc. No. 8.

12. The Application to Appoint CRO seeks "to cement" the pre-petition appointment of Ms. Berret and to "establish an added layer of credibility by ensuring [her] employment not be compromised by threat of non-judicial removal." Application at p. 7.

13. While a proposed order was not provided, at the September 10th hearing the Debtors requested the Court to rubber stamp the Board's retention of Ms. Berret and order that she could not be subsequently removed by the Debtors' boards, equity interests, or other officers or directors absent further order of the Bankruptcy Court.

14. Contemporaneous with the filing of the Application to Appoint CRO, on September 7, 2026, the Debtors filed a Motion to Approve Compromise with Jack Ross ("Motion to Approve Compromise"). Doc. No. 11. The proposed agreement includes, among other things, a payment of $100,000 from Jack Ross to the bankruptcy estate of Synergy CHC Corp. The Motion to Approve Compromise fails to specifically identify what causes of action or claims are being settled, relying solely on the fact that there was no director and officer insurance prior to the filing of the case. The Settlement Agreement also fails to delineate exactly what claims are being resolved through this agreement.

15. On September 10, 2026, ACP Agency LLC and Acme Credit Partners LLC ("ACP") filed an Objection to the Debtors' Motion to Approve Compromise. Doc. No. 22. Pursuant to the objection, ACP alleges that in the 12 months prior to the petition date, the Debtors paid $3,873,848 to insiders and approximately $2.7 million to Jack Ross's family members and to entities he wholly owns. Doc. No. 22 at p. 9.

16. On September 14, 2026, the Debtors filed a Motion to Abandon Encumbered Assets ("Motion to Abandon Assets"). Doc. No. 33. In the Motion to Abandon Assets, the Debtors seek

to abandon all assets of their estates that are subject to the liens of ACP. If the abandonment motion is granted, the Debtors will be left with only the following:

a. TD Bank accounts with no account control agreements in place;

b. Paypal accounts with de minimis value;

c. Inventory in Mexico;

d. Intellectual property rights which exist outside the United States or Canada; and

e. Causes of action, including its Chapter 5 claims it contends exist against a merchant cash advance lender.

17. At all times since the filing of the case, the Debtors have offered that this is a liquidation of assets and not a reorganization.

**<u>Argument</u>**

Pursuant to section 1112(b)(1), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1104 provides that the court "shall order the appointment of a trustee—for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case…" 11 U.S.C. § 1104(a)(1). Under section 1104(a)(2), the court must order the appointment of a trustee if such an appointment "is in the best interests of creditors, any equity security holders, and other interests of the estate." *Id.* at §1104(a)(2).

Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). As specifically enumerated in

section 1112(b)(4) and present in this case, "cause" includes (i) a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and (ii) gross mismanagement of the estate; *See* 11 U.S.C. § 1112(b)(4)(A) and (B).

Under Section 1104(a)(2), the Court "uses a cost/benefit analysis and general principles of equity to determine whether appointment of a trustee is in the best interests of the estate and all the constituents involved. In balancing these anticipated benefits and accompanying costs, the following factors are given consideration: (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for rehabilitation; (3) whether the business community and creditors of the estate have confidence in the debtor; and (4) whether the benefits outweigh the costs." *In re El Rafaei*, 2022 WL 2911429 at *3 (Bankr. E.D. Va. July 22, 2022) (citations and quotations omitted).

Clearly there has been a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation in this matter. The Debtors filed a motion to abandon a good portion of their assets. In fact, according to the Motion to Abandon Assets, the only remaining assets are *de minimis* accounts, inventory located in Mexico, and potential litigation claims. Additionally, there is no prospect of rehabilitation. The Debtors have repeatedly admitted that the chapter 11 bankruptcies were filed solely as a liquidation. See September 10, 2026 Transcript at pp. 26, 58, 67.

There appears to have been gross mismanagement of the estate sufficient to constitute cause to convert these cases or appoint a chapter 11 trustee. Here, in the one year prior to the petition date, the Debtors allegedly paid $3,873,848 to insiders and approximately $2.7 million of it to Jack Ross's family members and to entities he wholly owns. Given the lack of financial control over the Debtors' assets in the past 12 months, appointment of a chapter 11 Trustee or

chapter 7 trustee is in the best interest of creditors and the estates. This would further allow such a trustee to thoroughly investigate the amounts in question, which are significant, especially in light of the lack of other assets to be administered or liquidated for the benefit of the large amount of creditors who are owed substantial amounts.

Finally, cause exists to appoint a chapter 11 trustee. Questions remain regarding the appointment of the CRO and whether the Debtors' management has been compromised. The CRO proposed by the Debtors has no corporate oversight and does not report to nor can be removed by the Debtors' boards or equity holders. There is no prospect for rehabilitation. As evidenced by filings in this case, there is a lack of confidence from creditors in the Debtors. At the September 10, 2026 hearing, Debtors' counsel stated that "to get through the reorganization process with a liquidation at the end it's important that we have someone with strong industry ethos. Someone who is understood to be a neutral and honest fiduciary, and someone who is thoroughly disinterested in every sense of the term". September 10, 2026 Transcript at pp. 31-32. Appointment of a chapter 11 Trustee best fits that description and is in the best interest of creditors and the estates.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds

for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

The U.S. Trustee does not believe that current management or a CRO should stay in control of the Debtors - thus he believes that either conversion of the case to chapter 7 or appointment of a chapter 11 trustee is in the best interest of creditors and the estate. Of the two, a chapter 7 trustee would not face the same issues with how to fund the administrative costs in advance for an ongoing chapter 11 with multiple professionals, as the duty of a chapter 7 trustee under 11 U.S.C. § 704 is to collect and reduce to money the property of the estate in an expeditious manner and the professionals are paid from the assets that the trustee pursues and reduces to money.

The U.S. Trustee reserves any and all rights to raise any additional arguments at any hearing held on this motion.

WHEREFORE, in consideration of the foregoing, the Acting United States Trustee respectfully requests that the Court enter an Order converting this case to chapter 7 or directing the appointment of a chapter 11 trustee, whichever the Court finds to be in the best interest of creditors and parties in interest; and for such other and further relief as the Court deems just and proper.

Date: September 22, 2026

MATTHEW W. CHENEY
Acting United States Trustee, Region 4

By: *<u>/s/ Kristen S. Eustis</u>*
Kristen S. Eustis
DC Fed. Bar No. MD28984
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

I hereby certify that on September 22, 2026, I electronically filed the foregoing Motion with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system to the following:

Christianna Annette Cathcart christianna@dcbankruptcy.com

Ted Cohen tcohen@sheppardmullin.com

Kevin M Davis jessica-giglio-8668@ecf.pacerpro.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Nir Maoz nmaoz@ktbslaw.com

Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov

Dylan G. Trache dylan.trache@nelsonmullins.com, linnea.hann@nelsonmullins.com;alex.reilly@nelsonmullins.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I further certify that on September 22, 2026, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtors, Master Service List, and Debtors' List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| Synergy Reorg, LLC<br>20 F Street NW, 7 Floor<br>Washington, DC 20001 | Synergy CHC Corp.<br>PO Box 22<br>Sebago, ME 04029 |
| Synergy CHC Inc.<br>PO Box 22<br>Sebago, ME 04029 | Hand MD Corp<br>PO Box 22<br>Sebago, ME 04029 |
| NomadChoice Pty, Ltd.<br>PO Box 22<br>Sebago, ME 04029 | Synergy CHC Mexico<br>PO Box 22<br>Sebago, ME 04029 |
| ACP Agency, LLC<br>c/o Acme Credit Partners, LLC<br>600 Lexington Ave., 14th Floor<br>New York, NY 10022 | Baass Business<br>Solutions, Inc<br>1200 Centre Street<br>Thornhill, ON L4J 3M9 |

| | |
|---|---|
| Bell Mobility, Inc.<br>PO Box 5102<br>Burlington, ON L7R 4R7 | Circana, LLC<br>203 N. LaSalle Street<br>Chicago, IL 60601 |
| Eastlink<br>PO Box 8600<br>Halifax, NS B3K 5M2 | Innomar Strategies<br>c/o T10370C<br>Toronto, ON M5W 4H1 |
| Kinsbrae Packaging<br>20 Heroux Devtek Dr.<br>Cambridge, ON N3E 0A8 | Pharmasave Drugs (National) Ltd.<br>Suite 201, 8411<br>200th Street<br>Longley, BC, V2Y 0E7 |
| Rithum Corporation<br>1201 Peachtree St NE<br>Atlanta, GA 30361 | Stryder Distribution, Ltd.<br>500-710 Dorval Drive<br>Oakville, ON L6K 3V7 |
| Walmart Canada Corp<br>C/O Bank of America Lockbox Services<br>PO Box 4090 Stn A<br>Toronto, ON M5W 0E9 | Cedar Advance, LLC<br>5401 Collins Avenue<br>CU-9A<br>Miami Beach, FL 33140 |
| Costco Wholesale<br>PO Box 34622<br>Seattle, WA 98124 | Datasite, LLC<br>PO BOX 74007252<br>Chicago, IL 60674-7252 |
| Gateway Group, LLC<br>4685 Macarthur<br>Court, Suite 400<br>Newport Beach, CA 92660 | Global Widget<br>8419 Sunstate Street<br>Tampa, FL 33634 |
| Google, LLC<br>Dept 33654, PO Box 39000<br>San Francisco, CA 94139 | Instacart<br>PO BOX 103272<br>Pasadena, CA 91189-3272 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jaime Fickett<br>3 Kimball Drive<br>Standish, ME 04084 |
| Multi-Pak Packaging<br>241 B Clinton Road W<br>Caldwell, NJ 07006 | Notified<br>Attn: Digital Media Innovations<br>P.O. Box 74007143<br>Chicago, IL 60674-7173 |

| | |
|---|---|
| Patina Development Group<br>1420 NW Gilman Blvd, #2111<br>Issaquah, WA 98027 | Perpetua Labs, LLC<br>1801 Porter Street, Suite 300<br>Baltimore, MD 21230 |
| RBSM, LLP<br>805 Third Ave, Suite 1430<br>New York, NY 10022 | Sanders Morris<br>600 Travis St. Suite 500<br>Houston, TX 77002 |
| SPS Commerce, Inc<br>P.O. BOX 205782<br>Dallas, TX 75320-5782 | Unishippers<br>PO Box. 733851<br>Dallas, TX 75373 |
| V Stock Transfer<br>18 Lafayette Place<br>Woodmere, NY 11598 | Dicentral<br>P.O. Box 200453<br>Dallas, TX 75320-0453 |
| EG America, LLC<br>165 Flanders Rd.<br>Westborough, MA 01581-1032 | Nasdaq, Inc.<br>151 W. 42nd Street<br>New York, NY 10036 |
| Securities and Exchange Commission<br>100 F St NE<br>Washington, DC 20549 | Tailored Bottling Solutions<br>500 Cummings Center, Suite 650<br>Beverly, MA 01915 |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist