IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-465-ELG |
| | ) | (Chapter 11) |
| Synergy CHC Corp.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING APPLICATION**
**TO EMPLOY CHIEF RESTRUCTURING OFFICER**

Upon consideration of the *Application to Approve Employment of Lauren P. Berret of Eisner Advisory Group LLC as Chief Restructuring Officer* (the "Application"), ECF No. 8, filed by Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), the authorities cited therein, the record herein, and the arguments adduced at a hearing on the Application on September 10, 2026, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Application be, and hereby is, GRANTED, as set forth herein;

ORDERED, that Lauren P. Berret ("Ms. Berret") shall remain chief restructuring officer ("CRO") of each of the Debtors; and it is further

---

[1] The Debtors in these cases are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG.

ORDERED, that Ms. Berret may be supported by her firm—Eisner Advisory Group—in carrying out the work of CRO; and it is further

ORDERED, that any and all post-petition compensation paid to Ms. Berret and her firm shall be subject to judicial approval (whether expressly or through interim compensation procedures arising under the Local Rules of this Honorable Court or otherwise provided for by court order); and it is further

ORDERED, that Ms. Berret may not be removed as CRO of any of the Debtors except by (i) her voluntary resignation; or (ii) order of this Honorable Court, for good cause shown; and it is further

ORDERED, that Ms. Berret has all authority to act for the Debtors and their estates in these chapter 11 cases and is not and will not be subject to any direction of the board of directors, Jack Ross, or any other officer or director of the Debtors; and it is further

ORDERED, that as CRO, Ms. Berret shall continue at the helm of each of the Debtors and their estates and, in said capacity, shall direct each of the Debtors and their estates in a manner consistent with their statutory and fiduciary charges arising under title 11 of the United States Code, with Ms. Berret being (i) required to (a) ensure the Debtors carry out those tasks requisite of a debtor-in-possession in chapter 11; (b) ensure the Debtors are compliant with the reporting duties of a chapter 11 debtor-in-possession; (c) assess the assets of the Debtors; (d) assess the liabilities of the Debtors; and (e) attend such hearings as may be appropriate; and (ii) permitted to (1) direct counsel to bring such suits in the name of the Debtors as may be in the Debtors' best interests to pursue and pursuable in good faith; (2) negotiate settlements and compromises (subject to the approval of this Honorable Court where so required by law or rule); (3) pursue formal—and informal—discovery of facts and circumstances relevant to the Debtors' affairs, historic

operations, and litigation rights; (4) review the propriety of the Debtors' contracts with third parties, and assume, assign, and/or reject said contracts (with approval of this Honorable Court where required by law); (5) review the work of Debtors' general reorganization counsel; (6) engage new—or special—counsel on behalf of the Debtors' (with approval of this Honorable Court where required by law); and (7) perform such other tasks and duties as may be reasonably necessary to carry out the duties herein enumerated or as may be consistent with the role of a CRO; and it is further

ORDERED that notwithstanding the foregoing, Ms. Berret shall conduct her duties as CRO subject to the terms of the agreement reached between the Debtors and ACP Agency LLC and Acme Credit Partners LLC that was read into the record of these chapter 11 cases on September 15, 2026 ("ACP Agreement") and shall have all authority for the Debtors and their estates to enter into the ACP Agreement; and it is further

ORDERED that to the extent that there is any inconsistency between the terms of the Application, any engagement letter, and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
*Proposed Counsel for the Debtors*