Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-465-ELG |
| | ) | (Chapter 11) |
| Synergy CHC Corp.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AUTHORITIES CONCERNING**
**EMPLOYMENT OF CHIEF RESTRUCTURING OFFICER**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned proposed counsel, pursuant to the request of this Honorable Court, and furnish the following authorities in support of their *Application to Approve Employment of Lauren P. Berret of Eisner Advisory Group LLC as Chief Restructuring Officer* (the "Application"), ECF No. 8, and in refutation of the objection (the "Objection"), ECF No. 52, of the United States Trustee thereto:

[1] The Debtors in these cases are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG.

**1.** The United States Trustee (the "US Trustee") urges Lauren Berret ("Ms. Berret") "is ineligible to be retained as a financial advisor or any other kind of 327 professional because she is no longer disinterested," Objection, ECF No. 52, at p. 15, based upon her pre-petition engagement by the Debtors. The following citations are relevant to the fallacy of this proposition:

a. 11 U.S.C. § 1107(b) ("Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.")

b. *In re Lodging Enters., LLC*, 2024 Bankr. LEXIS 2167, at *7 (Bankr. D. Kan. Sep. 17, 2024) (overruling the US Trustee's objection to employment of a chief restructuring officer, based on their pre-petition employment by the debtor, because "[h]ere, as a result of prior employment by Debtor and VCM Inc., Mr. Wenner is knowledgeable about Lodging's business, financial conditions, policies and procedures, day-to-day operations, and books and records. The efficiency of Debtor's Chapter 11 case would be seriously impaired if Mr. Wenner could not be retained as the CRO.")

c. *In re Talsma*, 436 B.R. 908, 916 (Bankr. N.D. Tex. 2010) (overruling the US Trustee's objection to a debtor's application to employ an accounting firm used pre-petition, and to which monies where owed, because "[j]ust as an economic relationship is a natural consequence of a professional's prepetition employment, so, too, are some of the attributes of insider status. A better reading of section 1107(b) is one that relieves the court of the need to investigate and then disqualify a professional based solely on those inevitable results of prepetition representation or employment.")

d. *In re SBMC Healthcare, LLC*, 473 B.R. 871, 879 (Bankr. S.D. Tex. 2012) (". . . a debtor-in-possession, like any client, should be able to choose its own professionals. Allowing a debtor-in-possession to choose its professionals allows it to control the progress of its bankruptcy case. It also keeps administrative expenses low by providing the debtor-in-possession the opportunity to retain professionals that do not have to spend time and resources becoming familiar with the debtor's operations.") (quoting *Talsma*, 436 B.R. at 916)

e. *Stanley v. Keravision, Inc. (In re Keravision, Inc.)*, 273 B.R. 614, 619 (N.D. Cal. 2002) (holding, over the objection of the US Trustee, that ". . . a law firm is not per se disqualified because one of its partners was an officer of the debtor. . .")

**2.** This Honorable Court has inquired about the Debtors' capacity to expand the scope of Ms. Berret's services, and to do so without post-petition board approval. Putting aside whether or not any such change is actually occurring (the Debtors note—as observed below—that the scope of Ms. Berret's work was already crafted in such a manner as to expand post-petition), the Nevada Revised Statutes address this point, through a slightly-unusual state law provision: "If a corporation is under reorganization in a federal court pursuant to Title 11 of U.S.C., it may take any action necessary to carry out any proceeding and do any act directed by the court relating to reorganization, without further action by its directors or stockholders. This authority may be exercised by: (a) The trustee in bankruptcy appointed by the court; (b) Officers of the corporation designated by the court; or (c) Any other representative appointed by the court, with the same effect as if exercised by the directors and stockholders of the corporation." Nev. Rev. Stat. § 78.622(1).

**3.** The US Trustee has placed a copy of the engagement agreement with Ms. Berret's firm on the docket. *See* ECF No. 52-1. Pertinently, that agreement distinguishes between pre-

petition services (which are largely advisory in nature and which require the "Company's approval" to "implement restructuring and wind-down strategies"), *see* ECF No. 52-1 at pp. 1-2, and post-petition services (which are of a different variety and which shun the need for such approval, directing Ms. Berret to "[o]versee" key case components and directing her to "[p]erform such other restructuring and financial advisory services as may be necessary or appropriate in connection with the engagement"), *see* ECF No. 52-1 at p. 2.

**4.** This Honorable Court has inquired about other cases where a chief restructuring officer has been appointed and the orders underlying such appointments. The following cases are demonstrative of the relief being sought *sub judice* being relief of a relatively common and mundane nature:

a. *In re Eagle Properties and Investments, LLC*, Case No. 23-10566-KHK (Bankr. E.D. Va. 2023) at ECF No. 193 (appointing a chief restructuring officer and expressly giving that officer ". . . complete decision-making authority on behalf of the Debtor, subject to the requirement that leave of court be sought in connection with such decisions as may require court approval under governing law. . .") (attached hereto as Exhibit A)

b. *In re Generations on 1st, LLC*, Case No. 25-30002 (Bankr. D.N.D. 2025) at ECF No. 336 (marginal order approving agreement with chief restructuring officer) (attached hereto as Exhibit B); ECF No. 335-1 (agreement delineating powers of chief restructuring officer to take any and all actions on behalf of debtor and providing chief restructuring officer may only be removed upon death, mental incapacity, criminal indictment, disbarment, expulsion from the United States, declaration of being *persona non grata* in the United States, resignation, or order of the bankruptcy court) (attached hereto as Exhibit C)

c. *In re SIMAD Holdings Ltd., et al.*, Case No. 26-16388-CMG (Bankr. D. N.J. 2026) at ECF No. 205 (application to approve post-petition employment of a chief restructuring officer engaged by the debtors pre-petition, with the officer being given prophylactic authority to act on the debtors' behalf, including the right to "hire, terminate, suspend, discipline, supervise, direct, and determine the roles, responsibilities, compensation, and reporting lines of the Company's officers. . .") (attached hereto as Exhibit D); ECF No. 541 (order granting the foregoing application) (attached hereto as Exhibit E)

d. *In re EPIC Companies Midwest, LLC*, Case No. 24-30281 (Bankr. D.N.D. 2024) at ECF No. 10 (motion to employ chief restructuring officer, engaged by the debtors pre-petition, attaching an engagement agreement under which the chief restructuring officer "shall have full operational authority and control over the business operations" of the Debtors) (attached hereto as Exhibit F); ECF No. 59 (order granting aforesaid motion) (attached hereto as Exhibit G)

e. *In re Jenk's Best Living, LLC*, Case No. 26-12812-SAH (Bankr. W.D. Okla. 2026) at ECF No. 90 (order approving agreement with chief restructuring officer) (attached hereto as Exhibit H); ECF No. 335-1 (agreement delineating powers of chief restructuring officer to take any and all actions on behalf of debtor and providing chief restructuring officer may only be removed upon death, mental incapacity, criminal indictment, disbarment, expulsion from the United States, declaration of being *persona non grata* in the United States, resignation, or order of the bankruptcy court) (attached hereto as Exhibit I)

f. *In re Express Grain Terminals, LLC*, No. 21-11832-SDM, 2022 Bankr. LEXIS 188, at *11 (Bankr. N.D. Miss. Jan. 25, 2022) (appointing a chief restructuring officer with "ultimate and final decision-making authority," and on the express condition such person *not* "report to the Company's Board of Directors")

**5.** The US Trustee has suggested some infirmity in seeking to employ Ms. Berret under both section 327 and section 363 of the Bankruptcy Code. The following cases show the propriety of such an appointment, as well as the other pertinent sections (105 and 1107) that may be invoked:

a. *In re K.G. IM, LLC*, 620 B.R. 469, 478 (Bankr. S.D.N.Y. 2020) ("In addition to the authority granted in section 327(a), Debtors may retain estate professionals, including CROs, pursuant to section 363(b) of the Bankruptcy Code.")

b. *In re Gaslight Club*, 782 F.2d 767, 771 (7th Cir. 1986) ("Sections 105(a) and 1107(a) of the Bankruptcy Code provide adequate authority for the bankruptcy court to approve the replacement of the person designated to perform the duties and exercise the rights of the debtor in possession if the creditors' committee, the person presently in control and the majority and controlling shareholder of the debtor agree to this course of action. Of course such consent may be conditioned upon the inclusion of whatever provisions in the court's order the various parties may demand.")

c. *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 686-91 (Bankr. S.D.N.Y. 2018) (castigating the US Trustee for taking inconsistent positions in connection with the question of whether employment should be under section 327 or section 363, and finding the US Trustee's arguments to be "starkly inequitable")

d. *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 907 n.15 (Bankr. M.D. Fla. 2008) ("The CRO Motion does not seek authorization for Mr. Oscher's engagement pursuant to section 327, but rather section 363. The Court employs its power under section 105(a) to grant the CRO Motion pursuant to section 327(a).")

**6.** The US Trustee has urged that appointment of a chief restructuring officer is improper because that office ought to be instead afforded discretion to appoint a chapter 11 trustee and thereby exercise control over a case in which absolutely no other party in interest is asking that office to exercise control. The following cases show this argument to have failed in the past:

a. *In re Express Grain Terminals, LLC*, No. 21-11832-SDM, 2022 Bankr. LEXIS 188, at *34 (Bankr. N.D. Miss. Jan. 25, 2022) (appointing a chief restructuring officer, over the objection of the US Trustee, when "no party has shown to the Court how appointing a chapter 11 trustee at this stage in the bankruptcy case is in the best interest of the bankruptcy estate or its Creditors.")

b. *In re Tanglewood Farms, Inc.*, Nos. 10-06719-8-JRL, 10-06745-8-JRL, 2011 Bankr. LEXIS 624, at *1 (Bankr. E.D.N.C. Feb. 10, 2011) (denying a bankruptcy administrator's motion to appoint a chapter 11 trustee in a case where a chief restructuring officer was already in place)

c. *In re CDC Corp.*, 610 F. App'x 918, 919 (11th Cir. 2015) ("The bankruptcy court approved Marcus Watson as CDC Corporation's Chief Restructuring Officer, with the understanding that Watson would wield substantially the same authority and responsibilities of a Chapter 11 trustee.")

*[Signatures on Following Page]*

Respectfully submitted,

Dated: September 28, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig