**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>SIMAD Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **July 13, 2026, at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing"), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "SIMAD Debtors"), by and through their

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Case 26-10046-ELG Document 2-4 Filed 06/26/26 Page 2 of 89

undersigned proposed counsel, shall move the *SIMAD Debtors' Motion for Entry of an Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Retain Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion") before the Honorable Chief Judge Christine M. Gravelle, United States Bankruptcy Judge, in Courtroom 3 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608 (the "Court"), for entry of an order (the "Order"), substantially in the form submitted with the Motion.

**PLEASE TAKE FURTHER NOTICE** that, in support of the relief requested in the Motion, the SIMAD Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these

chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at https://restructuring.ra.kroll.com/SIMAD. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: June 22, 2026

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY COURT:

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1. By this Motion, the SIMAD Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing, but not directing, the SIMAD Debtors to retain (i) Assaf Ravid as Chief Restructuring Officer ("CRO") and (ii) Daniel Sasson as Associate Restructuring Officer ("ARO" and with CRO, the "Restructuring Officers") of the SIMAD Debtors effective as of the Petition Date (defined below), and (b) granting related relief.

2. Together, the Restructuring Officers will assist the SIMAD Debtors with their efforts to maximize the value of the SIMAD Debtors' estates in these Chapter 11 Cases, as further described below. In support of this Motion, the SIMAD Debtors submit the Declaration of Assaf Ravid (the "Ravid Declaration") and the Declaration of Daniel Sasson (the "Sasson Declaration") annexed hereto as **Exhibit B** and **Exhibit C**, respectively.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The SIMAD Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules.

**Background**

6. On June 4 and 5, 2026 (the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

7. A detailed description of the SIMAD Debtors and their business, including the facts and circumstances giving rise to the SIMAD Debtors' Chapter 11 Cases, is set forth in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 62] (the "First Day Declaration"), incorporated herein by reference.

**/Retention of the Restructuring Officers**

8. In consideration of the size and complexity of their business, as well as the emergent nature of these Chapter 11 Cases, the SIMAD Debtors have determined that the services of experienced restructuring professionals will substantially enhance their attempts to maximize the value of their estates and assist the SIMAD Debtors in developing a strategy for the efficient and orderly emergence from Chapter 11. The Restructuring Officers are well qualified to act on

the SIMAD Debtors' behalf given their extensive knowledge and experience with respect to the management of troubled companies, both in and out of court, and the restructuring process.

9. Assaf Ravid was appointed by the Independent Board of Directors of SIMAD Holdings Ltd. as the SIMAD Debtors' CRO as of June 2, 2026. Mr. Ravid previously served as the CRO and Chief Executive Officer of All Year Holdings Ltd. from March 2021 to April 2023, overseeing the restructuring of a $2 billion-dollar real estate portfolio in New York City, served as the CRO of William Vale Hotel between 2022 and June 2024, and additionally, served as the plan administrator for both of those estates. Mr. Ravid has also held various roles representing foreign publicly traded bond holders for distressed United States and British Virgin Island real estate companies. Prior to these roles, Mr. Ravid was the Managing Director at CGI | Real Estate Investment Strategies until 2020. Earlier in his career, he worked as an associate at R.D.Ravid & Co. and as an associate at Danzinger, Klagsbald & Co. from 2003 to 2004. Mr. Ravid studied at Tel Aviv University from 2000 to 2003 and completed his LLB degree in Law there.

10. Daniel Sasson was engaged by the SIMAD Debtors as the SIMAD Debtors' ARO as of June 1, 2026. Mr. Sasson has worked on a number of large, complex chapter 11 cases, including, among others:

a) *In re Broadway Realty I Co. LLC*, *et al.*, No. 25-11050 (DSJ) (Bankr. S.D.N.Y.);

b) *In re LENY Berry Holdings LLC*, No. 24-42947 (ESS) (Bankr. E.D.N.Y.);

c) *In re Brith Shalom Winit*, *LP*, No. 23-12309 (AMC) (Bankr. E.D.Pa.);

d) *In re Apex Brittany MO, LP*, No 23-11463 (CTG) (Bankr. D.Del.);

e) *In re Wythe Berry Fee Owner LLC*, No. 22-11340 (MG) (Bankr. S.D.N.Y.);

f) *In re All Year Holdings Limited*, No. 21-12051 (MG) (Bankr. S.D.N.Y.); and

g) *In re Evergreen Gardens Mezz LLC, et al.*, No. 21-10335 (MG) (Bankr. S.D.N.Y.).

11. Mr. Sasson is the acting Chief Restructuring Officer of Michal International Investment LLC, No. 26-10123, a chapter 11 case pending in the District of Delaware and serves as the acting Manager of 9 Crosby LLC, No. 25-12559 (LGB), a single asset real estate case pending in the Southern District of New York. Prior to his time as a restructuring professional, Mr. Sasson was admitted to the New York and New Jersey bars in 2017. From 2017 until 2021, he mainly acted as an attorney and continues to do so in a very limited capacity since 2021.

12. Since their engagement, the Restructuring Officers have worked closely with the SIMAD Debtors' other professionals, as well as camp directors and employees, and have become acquainted with the SIMAD Debtors' operations, debt structure, creditors, business and related matters and have started receiving access to debtors bank accounts Consequently, the SIMAD Debtors believe that the Restructuring Officers have developed significant relevant experience and expertise regarding the SIMAD Debtors, their operations and the unique circumstances of these Chapter 11 Cases. For these reasons, the Restructuring Officers are both well-qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these cases. Accordingly, the SIMAD Debtors submit that the retention of the Restructuring Officers on the terms and conditions set forth herein is necessary and appropriate, is in the best interest of the SIMAD Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

**Scope of Services**

13. Subject to approval by the Court, the SIMAD Debtors propose to retain the Restructuring Officers on the terms and conditions set forth in their respective engagement letters, attached to the Order as **Exhibit 1** (Assaf Ravid Engagement Letter dated as of June 2, 2026) (the "Ravid Engagement Letter") and **Exhibit 2** (Daniel Sasson Engagement Letter dated as of June 1, 2026) (the "Sasson Engagement Letter", and with the Ravid Engagement Letter, the "Engagement Letters")[2], except as otherwise explicitly set forth herein or in any order granting this Motion.

14. Among other things, the CRO will support the SIMAD Debtors with respect to:

a) Evaluating liquidity options, including restructuring, refinancing, reorganizing, capital raising or a sale of assets;

b) Opening, closing, maintaining, accessing, and administering bank accounts, cash management systems, payment platforms and related banking services for the SIMAD Debtors and each of their direct and indirect subsidiaries, and having full signatory authority concerning all such accounts, services, checks, wires, ACH transfers, bank documents, resolutions, authorizations, and related instruments;

c) Hiring, terminating, suspending, supervising, directing and determining the roles, responsibilities, compensation, and reporting lines of the SIMAD Debtors' officers, employees and other personnel or third party advisors;

d) Approving and authorizing the filing of pleadings, declarations, reports and other papers, and providing information or testimony in connection with court filings and at hearings;

e) Serving as manager of each direct and indirect subsidiary of SIMAD Holdings Ltd., with the power to act as manager for each such entity;

---

[2] The summaries of the Engagement Letter (and indemnification agreement attached thereto) contained in this Motion are provided for purposes of convenience only. In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control unless otherwise set forth herein. Capitalized terms used in such summaries but not otherwise defined herein shall have the meanings set forth in the Engagement Letter.

f) Supporting negotiations with lenders, creditors, contract counterparties, landlords, equity holders, investors and other stakeholders;

g) Negotiating the terms of debtor-in-possession financing, use of cash collateral, forbearance, restructuring support, sale, or other transactions;

h) Pursuing, defending, settling or otherwise managing litigation claims, insurance matters, and other disputes;

i) Negotiations and executing a plan of reorganization, liquidation, sale, refinancing or other restructuring transactions; and

j) Performing all other tasks necessary to manage and effectuate the restructuring of the SIMAD Debtors.

15. Further, the ARO will support the SIMAD Debtors with respect to:

a) Assisting the SIMAD Debtors and their counsel in preparing and filing the chapter 11 petitions and other necessary and required reporting in these Chapter 11 Cases;

b) Opening and closing bank accounts;

c) Assisting the SIMAD Debtors with the preparation of any schedules, statements, debtor in possession financing budgets and other documents as may be required or prudent in these Chapter 11 Case; and

d) Performing any other ancillary services or assume any other corporate authority or obligation(s) as may be deemed prudent to facilitate the above and to assist the CRO in the fulfillment of his duties.

16. The aforementioned services provided by the Restructuring Officers are necessary to enable the SIMAD Debtors to maximize the value of their estates and successfully complete their restructuring.

**No Duplication of Services**

17. The SIMAD Debtors do not intend that the Restructuring Officers services will duplicate the services to be rendered by any other professional retained by the SIMAD Debtors in these Chapter 11 Cases, including each other. The SIMAD Debtors may retain other professionals during these Chapter 11 Cases and the SIMAD Debtors will coordinate with the Restructuring Officers and such other professionals retained by the SIMAD Debtors to avoid unnecessary duplication of efforts.

18. Although the SIMAD Debtors submit that the retention of the Restructuring Officers are not governed by section 327 of the Bankruptcy Code, the SIMAD Debtors have attached the Ravid and Sasson Declarations, which disclose, among other things, any relationship that either of the Restructuring Officers has with the SIMAD Debtors, their significant creditors, or other significant parties in interest known to the Restructuring Officers. Based on the Ravid and Sasson Declarations, the SIMAD Debtors submit that the Restructuring Officers are each a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

19. In addition, as set forth in the Ravid and Sasson Declarations, if any new material facts or relationships are discovered or arise, the Restructuring Officers will provide the Court with a supplemental declaration.

**The Restructuring Officers' Disinterestedness**

20. To the best of the SIMAD Debtors' knowledge, information, and belief, other than as set forth in the Ravid and Sasson Declarations, neither of the Restructuring Officers: (i) have any connection with the SIMAD Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the

Office of the United States Trustee; and (ii) do not hold any interest adverse to the SIMAD Debtors' estates.

**<u>Terms of Retention</u>**

**I. Compensation**

21. In accordance with the terms of the Engagement Letters, the Restructuring Officers will be paid by the SIMAD Debtors monthly for their services. Mr. Ravid will be paid $70,000 at the beginning of each month for providing the services laid out in the Ravid Engagement Letter until the Ravid Engagement Letter is no longer in effect. Mr. Sasson will be paid $18,000 on the first of every month for the services he provides, consistent with those laid out in the Sasson Engagement Letter. These fees are subject to change in the event the services by the Restructuring Officers exceed the scope of work laid out in the respective Engagement Letters.

22. In addition to compensation for professional services rendered by the Restructuring Officers, the Restructuring Officers will seek reimbursement for reasonable and necessary expenses incurred in connection with these Chapter 11 Cases, including, but not limited to, travel, transportation, and fees associated with appearing at a hearing, deposition or any other litigation matter related to their respective engagements. All fees and expenses due to the Restructuring Officers will be billed and paid on a monthly basis.

**II. Indemnification**

23. As a material part of the consideration for which the Restructuring Officers have agreed to provide the services described herein, pursuant to their respective Engagement Letters, the SIMAD Debtors have agreed to indemnify and hold harmless the Restructuring Officers under certain circumstances.

24. With respect to Mr. Ravid, the SIMAD Debtors have agreed to make best efforts to include Mr. Ravid as an insured person under the SIMAD Debtors' directors' and officers' liability

insurance policy, or separately issue a policy for Mr. Ravid as CRO. Additionally, the SIMAD Debtors agree to hold harmless Mr. Ravid, Elar Group LLC and their respective affiliates, representatives, members, managers, employees, contractors, agents, heirs, successors, and assigns from and against any loss, claim, damage, liability, or expense, including reasonable attorneys' fees and expenses arising out of or relating to the Engagement Letter, excluding any liability resulting from the acts of bad faith, fraud or willful misconduct on behalf of Mr. Ravid or Elar Group LLC. Neither Mr. Ravid nor Elar Group LLC shall be liable for consequential, indirect, incidental, punitive or special damages, including lost profits or business opportunity costs.

25. Similarly, the Sasson Engagement Letter limits Mr. Sasson's liability as ARO. Specifically, Mr. Sasson shall have no liability (whether direct or indirect, in contract, tort or otherwise) to the SIMAD Debtors, nor any of their members, partners, directors, officers, employees, or agents or their respective affiliates, security holders, creditors or regulators for or in connection with Sasson's engagement or any conduct in connection therewith (including activities prior to the date hereof), except to the extent that losses resulted primarily from Mr. Sasson's bad faith or willful misconduct. Further, Mr. Sasson's extent of liability (if any) is limited to the aggregate amount of fees and expenses actually received by Mr. Sasson in accordance with the Sasson Engagement Letter within the six-month period preceding the alleged misconduct. Mr. Sasson, too, shall not be held liable for consequential, indirect, incidental, punitive or special damages, including lost profits or business opportunity costs.

26. The SIMAD Debtors believe that the indemnity provisions are a reasonable term and condition of the Restructuring Officers' engagements and were, along with all other terms of the Engagement Letters, negotiated by the SIMAD Debtors and Restructuring Officers at arm's-length and in good faith. The Restructuring Officers and the SIMAD Debtors believe that the

indemnity provisions are comparable to those indemnification provisions generally obtained by crisis management firms or individuals of similar stature to the Restructuring Officers and for comparable engagements, both in and out of court. The SIMAD Debtors respectfully submit that the indemnification provisions contained in the Engagement Letters, viewed in conjunction with the other terms of the Restructuring Officers' proposed retention, are reasonable and in the best interests of the SIMAD Debtors, their estates, and creditors in light of the fact that the SIMAD Debtors require the Restructuring Officers' services to maximize the value of their estates.

**Fees and Reporting**

27. If the Court approves the relief requested herein, the Restructuring Officers will be retained to provide the SIMAD Debtors services pursuant to section 363 of the Bankruptcy Code. Because the Restructuring Officers are not being employed as professionals under section 327 of the Bankruptcy Code, the Restructuring Officers will not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. Instead, the Restructuring Officers will file with the Court and provide notice to the U.S. Trustee and any statutory committees appointed (the "Notice Parties"), reports of compensation earned and expenses incurred on a quarterly basis. Such compensation and expenses shall be subject to Court review in the event that an objection is filed.

28. Given the numerous issues which the Restructuring Officers may be required to address in the performance of their services, the Restructuring Officers' commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the SIMAD Debtors submit that the fee arrangements set forth in the Engagement Letter are reasonable.

## Dispute Resolution Procedures

29. The SIMAD Debtors and the Restructuring Officers have agreed, subject to the Court's approval of this Motion, that notwithstanding the Engagement Letters: (a) any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Motion or the services provided by the Restructuring Officers to the SIMAD Debtors as outlined in this Motion, including any matter involving a successor in interest or agent of any of the SIMAD Debtors or of the Restructuring Officers, shall be brought in this Court or the United States District Court for the District of New Jersey (the "District Court") (if the reference is withdrawn); (b) the Restructuring Officers, the SIMAD Debtors, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such courts do not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions, or lawsuits; and (c) the Restructuring Officers and the SIMAD Debtors, and any and all successors and assigns thereof, waive trial by jury, such waiver being informed and freely made. By this Motion, the SIMAD Debtors seek approval of this agreement by the Court. Further, the Restructuring Officers and the SIMAD Debtors have agreed not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or the District Court (if the reference is withdrawn) to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to this Motion or the services provided hereunder.

## Basis for Relief

30. The SIMAD Debtors seek to retain the Restructuring Officers pursuant to section 363 of the Bankruptcy Code as of the Petition Date. Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or

lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)). Courts in this district routinely grant the relief requested herein under section 363. *See In re FreshRealm, Inc.*, No. 26-14656(MEH) (Bankr. D.N.J. June 18, 2925.*In re Del Monte Foods Corporation II, Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025); *In re New Rite Aid, LLC*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. May 8, 2024); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Dec. 20, 2023); *In re Bed Bath & Beyond*, No. 23-13359 (VFP) (Bankr. D.N.J. June 15, 2023); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Feb. 9, 2023); *In re Nat'l Realty Investment Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. Aug. 10, 2022).

31. Additionally, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a); *see also U.S. v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code"). Indeed, the relief requested herein is consistent with the relief generally approved by bankruptcy courts. *See In re K.G. IM, LLC*, 620 B.R. 469, 486–87

(Bankr. S.D.N.Y. 2020) (approving the debtors' application affirming the designation of a chief restructuring officer pursuant to section 363(b) of the Bankruptcy Code and overruling the U.S. Trustee's objection that the proposed retention did not abide by Part I.D of the J. Alix Protocol where the debtors lacked a board of directors); *In re Nine West Holdings, Inc.*, 588 B.R. 678, 687–90 (Bankr. S.D.N.Y. 2018) (holding the debtors' financial advisor had complied in all material respects with the J. Alix Protocol, approving the advisor's application to provide the debtors with an interim chief executive officer and certain additional personnel, and overruling the U.S. Trustee's objection that retention under section 363(b) of the Bankruptcy Code was improper because the proposed interim chief executive officer had served as a director of a subsidiary board within two years of the petition date).

32. The retention of the Restructuring Officers should be authorized because it is a sound exercise of the SIMAD Debtors' business judgment. As set forth above, the Restructuring Officers have significant experience in many facets of restructuring and are familiar with the SIMAD Debtors' businesses and the challenges they face during these Chapter 11 Cases. The SIMAD Debtors believe that the Restructuring Officers will provide services that benefit the SIMAD Debtors' estates and creditors. In light of the foregoing, the SIMAD Debtors believe that the retention of the Restructuring Officers is appropriate and in the best interests of the SIMAD Debtors and their estates and creditors.

**<u>Waiver of Bankruptcy Rule 6004(a) and 6004(h)</u>**

33. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**No Prior Request**

34. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

35. The SIMAD Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Mishmeret Trust Company; (c) the SIMAD Debtors' fifty (50) largest unsecured creditors (on a consolidated basis); (e) any known secured creditors; (f) the merchant cash advance lenders; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the attorney general in the states where the SIMAD Debtors conduct business operations; (j) the Payment Processors; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the SIMAD Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: June 22, 2026

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# <u>Exhibit A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

Debtors.

Chapter 11

Case No. 26-16439 (CMG)

(Jointly Administered)

**ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon the *SIMAD Debtors' Motion for Entry of an Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion"),[2] for entry of an order (this "Order"): (a) authorizing, but not directing, the SIMAD Debtors to retain (i) Assaf Ravid as Chief Restructuring Officer ("CRO") and (ii) Daniel Sasson as Associate Restructuring Officer ("ARO" and with CRO, the "Restructuring Officers") of the SIMAD Debtors as of the Petition Date, and (b) granting related relief, all as more fully set forth in the Motion; and each designation on the terms set forth in the Engagement Letters annexed to the Order as Exhibit 1 and Exhibit 2 and the Ravid Declaration annexed to the Motion as Exhibit B and the Sasson Declaration annexed to the Motion as Exhibit C; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court

2 Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the SIMAD Debtors are authorized to retain the Restructuring Officers as of the Petition Date in accordance with the terms and conditions set forth in the Ravid Engagement Letter attached as Exhibit 1 and the Sasson Engagement Letter attached as Exhibit 2.

3. The terms of the Engagement Letters, including, without limitation, the indemnification provisions and compensation provisions, as modified by the Motion and this Order, are reasonable terms and conditions of employment and are hereby approved.

4. Upon the entry of this Order, the Restructuring Officers shall be empowered and authorized to carry out all duties and responsibilities set forth in their respective Engagement Letters.

5. Notwithstanding anything to the contrary in the Motion or the Engagement Letters, the Restructuring Officers' engagements are subject to the following terms:

a) The Restructuring Officers shall not act in any other capacity (for example, without limitation, as financial advisor, or investor/acquirer) in connection with these Chapter 11 Cases;

b) In the event the SIMAD Debtors a seek to have the Restructuring Officers assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of either of the Engagement Letters by either (i) modifying

Case 26-16388-CMG Doc 205 Filed 06/22/26 Entered 06/22/26 21:34:15 Page 3 of 89



the functions of the Restructuring Officers, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

c) The Restructuring Officers shall file with the Court, with copies of the U.S. Trustee, any statutory committees and counsel for Mishmeret Trust Company (collectively, the "Notice Parties"), reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each Restructuring Officer and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed;

d) No affiliate of the Restructuring Officers shall serve as a director of any of the SIMAD Debtors during the pendency of these Chapter 11 Cases;

e) Notwithstanding the requirements of paragraph (c) above, the SIMAD Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by the Restructuring Officers for fees and expenses incurred in connection with the Restructuring Officers' retention;

f) Success fees, completion fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of these Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of these Chapter 11 Cases, dismissal of the cases for cause, or appointment of a trustee;

g) For a period of three (3) years after the completion of the Restructuring Officers' engagements, neither Mr. Ravid, Elar Group LLC, Mr. Sasson, nor any affiliates shall make any investments in the SIMAD Debtors or the reorganized Debtors; and

h) The Restructuring Officers shall make appropriate disclosures or any and all facts that may have a bearing on whether the Restructuring Officers, their affiliates, or any individuals working on the engagement hold or represent any interest materially

adverse to the SIMAD Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

7. To the extent there is any inconsistency between the terms of the Engagement Letters, the Motion, and this Order, the terms of this Order shall govern.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

10. The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the Engagement Letters and/or the services provided by the Restructuring Officers.

**Exhibit 1**

**Ravid Engagement Letter**

## ELAR GROUP LLC

### CRO Engagement Letter

Draft for review | Confidential

As of June 2, 2026

CONFIDENTIAL

BY ELECTRONIC MAIL ([Board email])

Board of Directors

Simad

98 Yigal Alon st. Tel Aviv, Israel

Re: Engagement as Chief Restructuring Officer

Dear Board of Directors:

I am pleased to provide this engagement letter agreement (this "Agreement"), dated as of the date above (the "Effective Date"), whereby SIMAD Holdings Limited and any legally authorized affiliated debtor or operating entity designated in writing and identified on Schedule 1 attached hereto (each, a "Company" or "Debtor" and collectively, the "Company Parties") engage Elar Group LLC ("Elar Group") to provide Asaf Ravid ("Ravid") to serve as Chief Restructuring Officer ("CRO") and to provide strategic restructuring, management, and financial advisory services under the terms and conditions set forth herein. Elar Group, Ravid, and the Company Parties are referred to collectively as the "Parties."

**Section 1: Scope of Engagement and Services**

The Company Parties hereby appoint Ravid, through Elar Group, subject to any applicable law and court approval, as CRO of the Company Parties, vested with authority to act on the Company Parties' behalf, including, as applicable, authority to assist with or authorize restructuring steps, bankruptcy-related filings, financing, transactions, reporting, and communications with creditors and other constituents. Elar Group and Ravid shall have authority, subject to applicable fiduciary duties to all stakeholders, to:

(a) evaluate liquidity options, including restructuring, refinancing, reorganizing, capital raising, or a sale of assets;

(b) open, close, maintain, access, and administer bank accounts, treasury accounts, lockboxes, cash management systems, payment platforms, and related banking services for the Company and each of its direct and indirect subsidiaries, and have full signatory

authority with respect to all such accounts, services, checks, wires, ACH transfers, bank documents, resolutions, authorizations, and related instruments;

(c) hire, terminate, suspend, discipline, supervise, direct, and determine the roles, responsibilities, compensation, and reporting lines of the Company's officers, employees, contractors, consultants, agents, and other personnel or third party advisors;

(d) approve and authorize the filing of pleadings, declarations, reports, and other papers, and provide information or testimony in connection with court filings and hearings;

(e) consult with and coordinate with B. Riley and Perry Mandarino on the related non-Company Parties' matters, provided that neither Elad Group not Ravid shall have any fiduciary or other duties to such non-Company Parties;

(f) Serve as manager of each direct and indirect subsidiary of SIMAD Holdings Limited with power to act as manager for each such entity solely in accordance with the terms of its operating agreement;

(g) support negotiations with lenders, creditors, landlords, contract counterparties, equity holders, investors, and other stakeholders;

(h) negotiate the terms of debtor-in-possession financing, use of cash collateral, forbearance, restructuring support, sale, or other transaction documents;

(i) pursue, defend, settle, or otherwise manage litigation, claims, insurance matters, and disputes as may be appropriate, in consultation with counsel;

(j) negotiate, propose, and execute a plan of reorganization, liquidation, sale, refinancing, or other restructuring transaction, subject to any required approvals; and

(k) assume any other corporate authority or obligation as may be deemed prudent to facilitate the foregoing, subject to Elar Group's and Ravid's agreement.

**Section 2: Performance of Services**

Upon execution of this Agreement, Ravid, through Elar Group, is prepared to begin immediately and will perform the duties and responsibilities set forth herein in good faith and to the best of his abilities. Ravid, through Elar Group, will devote the time reasonably necessary to the business and affairs of the Company Parties during the term of this Agreement. Nothing herein shall create an employee-employer relationship between Elar Group, Ravid, and any Company.

**Section 3: Compensation; Monthly Billing in Advance**

Monthly Fee: In consideration for the services provided by Elar Group and Ravid, the Company Parties shall pay Elar Group a monthly nonrefundable cash fee in the amount of $70,000 (the "Monthly Fee"). The Monthly Fee shall be billed monthly in advance, beginning on the Effective Date and thereafter on the first day of each month during the term of this Agreement. Each Monthly Fee shall be deemed fully earned when billed and payable within [5] business days after invoice. If the Effective Date or Termination Date occurs other than on the first day of a month, the Monthly Fee for that month shall be [prorated / not prorated].

**Additional Services:** Services outside the scope of Section 1, or materially exceeding the ordinary CRO scope contemplated by this Agreement, shall be subject to separate written agreement by the Parties and, if applicable, approval of the Bankruptcy Court.

Expense Reimbursement: Elar Group shall be reimbursed for all reasonable and documented out-of-pocket expenses incurred in connection with the services provided under this Agreement, including travel, transportation, lodging, filing-related costs, and reasonable fees and disbursements of counsel incurred in connection with any request or requirement to appear at a hearing, deposition, interview, investigation, or litigation matter relating to the engagement. Expenses shall be invoiced monthly and payable within [15] days.

The Parties acknowledge that any payments (including the purchase of any insurance to the extent required (as detailed in section 8) under this Agreement shall be funded by dedicated funds transferred specifically for this purpose by the controlling shareholder and/or the bonds trustee.

Section 4: Company Representations; Information; Court Approval

The Company Parties shall promptly provide Elar Group and Ravid with such information about the Company Parties and their operations as Elar Group or Ravid may reasonably request. The Company Parties represent that they are unaware of any material misrepresentation or misstatement in information provided or to be provided to Elar Group or Ravid and shall promptly notify Elar Group and Ravid in writing if they discover any such misrepresentation or misstatement.

To the extent Bankruptcy Court approval is required or advisable for the Company Parties to retain Elar Group and appoint Ravid, the Company Parties shall use best efforts to promptly seek entry of an order authorizing this engagement, nunc pro tunc to the Effective Date, in form and substance reasonably acceptable to Elar Group and Ravid. If the Bankruptcy Court declines to approve this engagement, this Agreement may be terminated without liability to any Party for such termination, except for accrued fees, expenses, indemnification, and other surviving obligations.

**Section 5: Confidentiality; Privilege; Reliance**

Elar Group and Ravid will use commercially reasonable efforts to maintain the confidentiality of the Company Parties' confidential documents and information, subject to applicable law, court order, subpoena, legal process, or regulatory request. Communications among Elar Group, Ravid, the Company Parties, and counsel are intended to be made for the purpose of assisting counsel in providing legal advice and to be protected by applicable privileges and work-product protections.

The Company Parties acknowledge that actual outcomes may differ from projections, estimates, analyses, or advice included in the Company's publicly available information without fault by Elar Group or Ravid.

**Section 6: Nature of Services; No Professional Advice**

Advice rendered by Elar Group or Ravid is intended solely for the use of the Company Parties in connection with the matters covered by this Agreement and may not be relied upon by any other person or used for any other purpose without Elar Group's and Ravid's prior written consent. Neither Elar Group nor Ravid is undertaking to provide legal, tax, accounting, regulatory,

insurance, or other similar professional advice, and the Company Parties shall rely on their own counsel, accountants, and other advisors for such advice.

**Section 7: Term and Termination**

This engagement shall commence on the Effective Date and continue until terminated: (i) by mutual agreement of the Parties; (ii) upon 30 days' written notice by any Party; Any Monthly Fee billed in advance and deemed earned before termination shall not be refundable, and any accrued but unpaid fees or expenses shall be paid on the Termination Date. Sections 3, 5, 6, 8, 9, 10, 11, and 12 shall survive expiration or termination of this Agreement.

**Section 8: Insurance; Indemnification; Limitation of Liability**

The Company Parties shall make best efforts to include Ravid as an insured person under the Company's directors' and officers' liability insurance policy, or if this is not possible, issue a policy for the CRO with coverage no less favorable than that provided to the Company's directors and officers. The Company Parties shall furnish copies of the applicable D&O policy and endorsements evidencing such coverage to Elar Group and Ravid promptly upon request.

The Company Parties shall indemnify and hold harmless Elar Group, Ravid, and their respective affiliates, representatives, members, managers, employees, contractors, agents, heirs, successors, and assigns from and against any loss, claim, damage, liability, or expense, including reasonable attorneys' fees and expenses, arising out of or relating to this Agreement, the engagement, or the services provided hereunder, except to the extent finally determined by a court of competent jurisdiction to have resulted from Elar Group's or Ravid's bad faith, fraud, or willful misconduct. In no event shall Elar Group or Ravid be liable for consequential, indirect, incidental, punitive, or special damages, including lost profits or business opportunity costs.

**Section 9: Notices**

All notices shall be in writing and delivered by electronic mail or recognized overnight courier. Notices to Elar Group and Ravid shall be addressed to Elar Group LLC and Asaf Ravid at aravid@circleinv.com and [mailing address]. Notices to the Company Parties shall be addressed to Board of Directors, [Board email], [Simad mailing address], or to such other address as a Party may designate in writing.

**Section 10: Governing Law; Jury Trial Waiver; Jurisdiction**

THIS AGREEMENT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED ENTIRELY IN SUCH STATE. EACH PARTY KNOWINGLY, VOLUNTARILY, AND IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM RELATED TO OR ARISING OUT OF THIS AGREEMENT OR THE SERVICES CONTEMPLATED HEREBY. EACH PARTY IRREVOCABLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION SITTING IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, AND

WAIVES ANY OBJECTION BASED ON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, OR FORUM NON CONVENIENS.

**Section 11: Entire Agreement; Amendments; Counterparts; Severability**

This Agreement represents the entire agreement between the Parties and supersedes all previous agreements relating to the subject matter hereof. This Agreement may not be modified or amended except in writing signed by all Parties. This Agreement may be executed in counterparts and by electronic signature, each of which shall constitute an original and all of which together shall constitute one agreement. The invalidity or unenforceability of any provision shall not affect the validity or enforceability of any other provision.

**Section 12: Publicity**

Following the Termination Date, Elar Group and Ravid may list the engagement on their resumes, biographies, websites, LinkedIn profiles, or similar professional materials, provided that any public description identifying the Company Parties by name shall be subject to the Company Parties' reasonable prior approval.

Please confirm that the foregoing correctly sets forth our understanding and indicate your acceptance in the space provided below, whereupon this Agreement and your acceptance shall constitute a binding agreement among us.

Very truly yours,

Elar Group LLC

By: *Asaf Ravid*

By: Asaf Ravid

Title: Authorized Signatory

Accepted and agreed to as of the date first written above:

Simad Holdings Limited

By:______________________________

Name: Doron Turgeman

Title: External director

## ELAR GROUP LLC

### SCHEDULE 1

INTERMEDIATE SIMAD I LLC

SIMAD EQUITIES LLC

[DAMIS HOLDINGS LLC]

ACHIM LANDCO LLC

ACHIM OPERATINGCO LLC

BANNER LANDCO LLC

BANNER OPERATINGCO LLC

BLUESTAR LANDCO LLC

BLUESTAR OPERATINGCO LLC

CHATEAUGAY LANDCO LLC

CHATEAUGAY CAMPCO LLC

BAHS OPERATING INC.

BAHS HOLDINGS LLC

CLUB GETAWAY OPERATINGCO LLC

CLUB GETAWAY LANDCO LLC

COUNTRY ROADS LANDCO LLC

COUNTRY ROADS OPERATINGCO LLC

MILL ROAD LANDCO LLC

EAGLE'S LANDING DAY CAMP LLC

SHAB OPERATING INC.

SHAB HOLDINGS LLC

GREEN LANE LANDCO LLC

GREEN LANE OPERATINGCO LLC

GREENVILLELAND LLC

MALKA OPERATINGCO LLC

IAFALANDCO LLC

IAFAOPERATINGCO LLC

ISLAND LAKE LANDCO LLC

## ELAR GROUP LLC

ISLAND LAKE CAMPCO LLC

KIWI OPERATINGCO LLC

LAVCO LLC

LAVLAND LLC

RDM CAMPS LLC

MEADOWBROOK OPERATINGCO LLC

MEADOWBROOK LANDCO LLC

CAMP MED-O-LARK, INC.

WASHINGTON LAKE LLC

MESORAHCO LLC

MESORAHLAND LLC

MOGENAVCO LLC

MOGENAVLAND LLC

MOHAWKCAMPCO LLC

MOHAWKLAND LLC

MOHAWK COUNTRY DAY SCHOOL, INC.

BELGRADE LAKES SUMMER CAMPS LLC

POLAND LANDCO LLC

POLAND CAMPCO LLC

PINE FOREST CAMPCO LLC

PINE FOREST LANDCO LLC

ROLLING HILLS LANDCO LLC

ROLLING HILLS OPERATINGCO LLC

SUMMIT CAMP LLC

WAUKEELA OPERATINGCO LLC

WAUKEELA LANDCO LLC

## ELAR GROUP LLC

WEKEELAND LLC

MAINEWEKEELACO LLC

WILLOW LAKE DAY CAMPS LLC

WILLOW LAKE LAND CORPORATION

WM CAMP LLC

WM LAND LLC

WIKI OPERATINGCO LLC

# Exhibit 2

**Sasson Engagement Letter**

**DANIEL Y. SASSON**

[redacted]

dsasson.simad@gmail.com

As of June 1, 2026

CONFIDENTIAL

**BY ELECTRONIC MAIL**
Board of Directors
Simad Holdings Limited

Re: Engagement as Associate Restructuring Officer

To whom is may concern,

I am pleased to provide you with this agreement ("Agreement") dated as of the date above (the "Effective Date"), whereby Simad Holdings Limited ("Simad"), its various property owning entities (collectively, the "PropCos") and its various operating entities (collectively, the "OpCos", together with Simad and the PropCos, the "Debtors"; each individually referred to as the "Company" and together, the "Company Parties") each agree to engage Daniel Sasson ("Sasson", together with the Company Parties, the "Parties") to provide certain strategic restructuring and financial advisory services to the Company Parties, to be engaged as an associate restructuring officer of any Debtors under the terms and conditions set forth herein.

For identification purposes, Simad, the PropCos and OpCos are identified on Annex A attached hereto.

**Section 1**: Scope of Engagement and Services

The Agreement contemplates each Company's imminent commencement of a chapter 11 bankruptcy case (the "Bankruptcy Case"). Pursuant to this Agreement, the Company Parties hereby appoint Sasson as the Associate Restructuring Officer of each Company vested with authority to act at the direction of the Chief Restructuring Officer of each Company. In addition, Sasson shall:

(a) Assist, as necessary, the Company and its counsel in preparing and filing the chapter 11 petition and any necessary and required reporting in the Bankruptcy Case;
(b) open and close bank accounts;
(c) assist the Company with the preparation of any schedules, statements, debtor in possession financing budgets and other documents as may be required or prudent in the Chapter 11 Case;
(d) perform any other ancillary services or assume any other corporate authority or obligation(s) as may be deemed prudent to facilitate the above; and
(e) Provide such other services to assist the Company regarding a-d, as may be ancillary to the foregoing services or which are additionally agreed upon in writing by Sasson and the Company, and approved by the Bankruptcy Court, as necessary.

Notwithstanding anything to the contrary herein, and unless otherwise agreed, Sasson shall not be under any obligation to provide fairness, solvency opinions or valuations with respect to any entity or transaction.

Without limitation, Sasson shall have no duty, no responsibility, and no authority with respect to regulatory compliance duties, including, without limitation: (1) the management, handling, transport, disposal or remediation of hazardous wastes or hazardous substances; (2) compliance with applicable federal, state or local statutes, ordinances, regulations, orders and requirements of common law in any way affecting or pertaining to health, safety or the environment; and (3) filings with federal and state securities authorities and federal, state and local taxing authorities

Company Representations

The Company shall promptly provide the Sasson with such information about the Company and its operations as Sasson may reasonably request. The Company is unaware of any material misrepresentation or misstatement with respect to information provided or to be provided to Sasson and will immediately notify Sasson in writing if at any time such Company discovers that there have been such material misrepresentations.

To the extent Bankruptcy Court approval is required or necessary for the Company to retain Sasson, the Company shall use their best efforts to cause the Company to promptly file an appropriate motion (such motion to be in a form acceptable to Sasson) for an order pursuant to Sections 105 and 363 of the Bankruptcy Code authorizing the debtors, as Debtor and Debtor-in-Possession to retain Sasson to provide the services set forth herein, *nunc pro tunc,* to the Effective Date of the this Agreement. Any order authorizing the Debtor's assumption of this Agreement or, if this Agreement is deemed not to be an executory contract, an order authorizing Sasson's engagement, must be in a form acceptable to Sasson in its sole discretion. In the event the Bankruptcy Court declines to issue the aforementioned order, the engagement shall be terminated without liability to any party for such termination.

**Section 2**: Performance of Services

Upon execution of this Agreement, Sasson is prepared to begin immediately and will perform the duties and responsibilities as forth herein in good faith and to the best of his abilities. Sasson will devote the time reasonably necessary to the business and affairs of the Debtors during the term of its services under this Agreement.

**Section 3:** Compensation

(a) Intentionally Omitted
(b) A monthly nonrefundable cash fee in the amount of $18,000.00 (the "Monthly Fee). The Monthly Fee shall begin to accrue starting on June 1, 2026 and shall continue to accrue monthly thereafter, on the first of each month, until this Agreement terminates. Each Monthly Fee shall be deemed earned on the first day of each Month. For avoidance of doubt, the Monthly Fee shall only include the services as provided in Section 1 (a) through (f) herein.
(c) Expense Reimbursement: Sasson shall be entitled to reimbursement on a monthly basis of all reasonable and documented out-of-pocket expenses (the "Expenses") incurred by Sasson (including commuting costs) in connection with the services to be provided under this Agreement, including costs of travel and transportation. Expenses shall include amounts incurred by Sasson in connection with any request or requirement to appear at a court hearing or as a witness in any pending or threatened litigation that is brought by or against the Company Parties and/or its principals, affiliates, directors or officers or that otherwise relates to this Agreement or the services rendered by Sasson hereunder, and shall include expenses incurred in appearing and preparing to

appear as such a witness, including without limitation, the reasonable fees and disbursements of legal counsel. Expenses are payable upon rendition of monthly invoices setting forth in reasonable detail the nature and amount of Expenses. Such Expenses shall be paid promptly by the Company Parties.

(d) Payment obligations:

1. Sasson will at all times be engaged as an independent contractor for all purposes of this agreement. As such the Debtor will not deduct or withhold any deferral, state or local income taxes from the amounts due Sasson pursuant to this Agreement and on January 31 of each year during the term of this Agreement and for the year following the termination of this Agreement the Company Parties shall issue to Sasson one or more forms 1099 in connection with amounts paid Sasson during the previous year.
2. To the extent not otherwise provided, Sasson shall be paid promptly when due pursuant this Section 3 all amounts owed to it in connection with this Agreement, with payment to be made within 15 days.

**Section 4**: Reasonableness of Fees

The Company Parties acknowledge that they believe that Sasson's experience and expertise regarding restructurings, management, legal and capital and banking markets will inure to its benefit, that the value of Sasson's services derives in substantial part from that experience and expertise, and that Sasson is foregoing the opportunity to undertake alternative engagements related to potential engagements. Accordingly, each of the parties hereto acknowledge that the structure and amount of the advisory fees paid to Sasson hereunder are reasonable regardless of the number of hours to be expended by Sasson's professionals in the performance of the services to be provided hereunder. Each party hereto also acknowledges and agrees that the various fees set forth herein have been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of Sasson and that the actual time and commitment required of Sasson to perform its services hereunder may vary substantially from week to week or month to month, creating "peak load" issues for Sasson. Given the numerous issues which may arise in engagements such as this, Sasson's commitment to the variable level of time and effort necessary to address such issues, the expertise and capabilities of Sasson that will be required in this engagement, and the market rate for Sasson's services of this nature, the parties agree that the fee arrangement provided herein is reasonable, fairly compensates Sasson, and provides requisite certainty to the parties hereto.

**Section 5**: Information; Privilege

(a) The Company agrees to use its best efforts to provide Sasson access to all of its financial and other information and records pertinent to this engagement and to the Debtor's directors, officers, employees, representatives, creditors, and other stakeholders as Sasson reasonably deems appropriate.

(b) Sasson will be using and relying on publicly available information and on public or non-public data, material and other information furnished to Sasson by the Company and its advisors and other interested parties. It is understood that in performing under this engagement, Sasson may assume

and rely upon the accuracy and completeness of and is not assuming any responsibility for independent verification of, information so gathered or furnished.

(c) The Company acknowledges that actual outcomes may differ from Sasson's predictions and projections without fault by Sasson. The Company shall advise Sasson promptly upon obtaining actual knowledge of the occurrence of any event or any other change in fact or circumstance upon which it is known Sasson formed part or all of its opinions, advice or conclusions, or which could reasonably be expected to result in some or all of the Information being incorrect, inaccurate, or misleading.

In connection with this retention, all oral or written communications between Sasson and counsel for the Company as well as communications between Sasson and any attorney, expert, agent, or employee acting on behalf of their counsel, shall be treated as confidential and made solely for the purpose of assisting Counsel in providing legal advice to the Company. Sasson acknowledges that such communications are intended to be protected by the attorney-client privilege, the work-product doctrine, and other applicable privileges and agrees not to disclose any such communication to a third party without Counsel's prior consent or understanding except pursuant to a subpoena or court order or as otherwise required by law or upon the request or demand of any regulatory authority, in which events Sasson shall provide notice to Counsel so Counsel at their cost may seek a protective order or other appropriate remedy.

(d) Sasson shall use commercially reasonable efforts to maintain the confidentiality of the Company's documents and confidential information, to the extent required by applicable professional standards and as requested by the Company and as permitted by law and legal process. Sasson acknowledges that the confidentiality obligations survive the termination of this Agreement. When the engagement is concluded, the Company may request that confidential documents provided to Sasson be returned or destroyed and Sasson shall return or destroy them; provided that Sasson shall be entitled to retain a copy of any information that it is required by law or legal process to retain but will keep such information confidential in accordance with this Section 5(d). In the event that no such request is made, Sasson shall not be under any obligation to retain copies of such documents but must adhere to commercially reasonable standards of security in the event the documents are not destroyed. The Company understands that Sasson shall not serve as a document or records custodian for the Company under the terms of this Agreement. If requested by counsel to the Company, Sasson agrees to execute and comply with the terms of any reasonable Confidentiality, Common Interest, Joint Defense, Non-Disclosure or other agreement pertaining to the treatment and exchange of confidential information related to the matters covered by this Agreement.

**Section 6**: Nature of Services; Use of Advice

(a) Nothing in this Agreement, express or implied, is intended to confer or does confer on any person or entity, other than the parties hereto, any rights or remedies under or by reason of this Agreement or as a result of the services to be rendered by Sasson hereunder.

(b) Any advice rendered by Sasson pursuant to this Agreement is intended solely for the use of the respective Company in considering the matters to which this Agreement relates, and such advice may not be relied upon by any other person or used for any other purpose. In addition, the specific terms of this Agreement shall not be referred to without Sasson's prior written consent.

(c) Subject to section 5(c) above, Company and you understand that Sasson is not undertaking to provide any legal, regulatory, accounting, insurance, tax or other similar professional advice and the Company confirms that they are relying on their own counsel, accountants and similar advisors for such advice. **The Company Parties each acknowledge that even though Sasson is an attorney licensed to practice law in various jurisdictions Sasson will not provide legal services pursuant to this Agreement and that no attorney-client relationship exists between the Parties.**

(d) Sasson's compensation is not contingent in any way upon Sasson's recommendations, findings, or conclusions. Sasson shall be entitled to compensation hereunder, even if it is not asked to provide testimony or in the event that a court or other tribunal determines, for any reason not to permit Sasson to provide testimony or to qualify Sasson's testimony. Sasson does not warrant or predict results or the final outcome of these matters. It is understood that, as of this date, Sasson has not arrived at any conclusions respecting any matters on which it may provide testimony. It is further understood that Sasson shall be entitled to receive payment in full of all fees and expenses due under this Agreement regardless of the conclusions at which it may arrive.

**Section 7**: Term of Agreement

(a) Term: This engagement may be terminated (i) by mutual agreement of the Parties, (ii) upon 10 days' written notice without cause by either Sasson or the Company, or (iii) immediately with cause by either Sasson or the Company (the date specified in any such notice is herein referred to as the "Termination Date"). If any amounts set forth in Section 3 have accrued but remained unpaid on the Termination Date, Sasson shall be entitled to any such deficiency on the Termination Date as "liquidated damages" unless this Agreement was terminated by the Company with Cause. Notwithstanding anything to the contrary in the foregoing, the provisions in Section 3, Section 5, Section 6 and Sections 8-11 shall survive the expiration or termination of this Agreement.

For purposes of this Agreement, "Cause" shall be defined as: (i) an intentional act of fraud, embezzlement, theft or any material violation of law involving moral turpitudes; (ii) intentional damage to the Debtor's assets; (iii) engagement in any competitive activity which would constitute a breach of Sasson's duty of loyalty of its obligations under this Agreement; (iv) the failure by Sasson to perform its duties under this Agreement; or (v) willful conduct that is demonstrably and materially injurious to the Debtors, monetarily or otherwise.

**Section 8**: Limitation of Liability; Hold Harmless

(a) Limitation of Liability: Sasson shall have no liability (whether direct or indirect, in contract, tort or otherwise) to the Company Parties, nor any of their members, partners, directors, officers, employees, or agents or their respective affiliates, security holders, creditors or regulators for or in

connection with Sasson's engagement or any conduct in connection therewith (including activities prior to the date hereof), except to the extent that any loss, claim, damage, liability or expense is found by a court of competent jurisdiction in a judgment which has become final and no longer subject to appeal or review to have resulted primarily from Sasson's bad faith or willful misconduct in connection with any of the advice, actions, inactions or services provided other than an action or failure to act undertaken at the request or with the consent of the Company Parties; provided further that in no event shall Sasson be liable in an aggregate amount in excess of the amount of fees and expenses actually received by Sasson pursuant to this Agreement within the six months preceding the alleged misconduct; provided further that in no event shall Sasson be liable for any consequential, indirect, incidental, punitive, or special damages (including, but not limited to, lost profits or business opportunity costs).

(b) Hold Harmless: In consideration of the benefits that the Company Parties will receive from Sasson's services, the Company Parties agree to indemnify up to an aggregate amount of $250,000.00 and hold harmless Sasson from and against any loss, claim, damages, liability or expense including Expenses (collectively, "Losses") (i) related to or arising out of (a) the Company Parties' actions or failures to act (including statements or omissions made or information provided by the Company Parties or its respective agents) in connection with the engagement or (b) actions or failures to act by an indemnified person with the Company Parties' consent or otherwise on reasonable reliance on the Company Parties' actions or failures to act in each case in connection with the engagement or (ii) otherwise related to or arising out of the engagement, Sasson's performance thereof or any other services Sasson is asked to provide to the Company Parties (in each case, including activities prior to the date hereof), except that this clause (ii) shall not apply to any Losses to the extent that they are determined by a court of competent jurisdiction in a final, non-appealable judgment to have resulted from the bad faith or willful misconduct by Sasson, provided further that in no event shall the Company Parties be liable for any consequential, indirect, incidental, punitive or special damages (including, but not limited to, lost profits or business opportunity costs).

(c) Each of the Company Parties also covenants that it will not pursue any causes of action, charges, damages or claims of any kind against Sasson arising from or related to its engagement, except to the extent of any such claims are based upon a claim of bad faith, self-dealing, or fraud.

(d) To the extent Sasson is appointed an officer of any of the Company Parties, the Company Parties shall use their best efforts to provide Sasson with full coverage under applicable insurance policies that protect officers and directors from liability, including by adding Sasson as a specifically insured party. A copy of each applicable policy satisfying such required insurance coverage requirement, including endorsements, shall be furnished to Sasson within fourteen days of execution of this Agreement.

(e) Alternatively, if coverage under subsection (d) is impracticable, Sasson will obtain separate professional liability insurance and/or errors and omissions insurance for the services provided hereunder and the Company Parties shall bear the full cost thereof.

(f) Intentionally Omitted

(g) The Company Parties acknowledge that the compensation to Sasson under Section 3 of this Agreement was reduced specifically in consideration for each Debtor's agreement to these limitations of liability and indemnification provisions.

(h) The Company Parties' obligations pursuant to this Section 8 shall inure to the benefit of any successors, assigns, heirs, and personal representatives of Sasson and are in addition to any rights that Sasson may have at common law or otherwise. The obligations of the Company Parties pursuant to this Section 8 shall survive any expiration or termination of this Agreement or Sasson's engagement hereunder.

**Section 9**: <u>Miscellaneous</u>

(a) Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement and to perform its obligations hereunder. Each party hereto further represents and warrants that this Agreement has been duly and validly authorized by all necessary corporate actions and has been duly exercised and delivered by each such party and constitutes the legal, valid and binding agreement of each such party, enforceable in accordance with its terms.

(b) NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS AGREEMENT, EXCEPT AS SET FORTH IN SECTION 9(a) HEREOF, SASSON MAKES NO WARRANTIES, EXPRESS OR IMPLIED, WHETHER ARISING BY OPERATION OF LAW, COURSE OF PERFORMANCE OR DEALING, CUSTOM, USAGE IN THE TRADE OR PROFESSION OR OTHERWISE, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT AND FITNESS FOR A PARTICULAR PURPOSE.

(c) All notices to be given to a party hereunder shall in writing and delivered by electronic mail, addressed (i) in the case of Sasson, to Daniel Sasson, 66 Leonard Street, Unit 6B, New York, New York 10013, dsasson.simad@gmail.com; and (ii) in the case of the Company Parties to [XXX], or to such other address as such party shall provide to the other parties in accordance with this Section 9(c).

(d) No party may assign this Agreement, by operation or law or otherwise, without the prior written consent of the other parties.

**Section 10**: <u>Governing Law; Jury Trial Waiver; Jurisdiction</u>

THIS AGREEMENT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED ENTIRELY IN SUCH STATE. EACH OF SASSON AND THE COMPANY PARTIES KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF OR IN CONNECTION

WITH THE ENGAGEMENT OF SASSON PURSUANT TO, OR THE PERFORMANCE OF SASSON OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY AIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED IN ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION SITTING IN THE COUNTY OF NEW YORK IN THE STATE OF NEW YORK, WHICH COURTS SHALL HAVE EXCLUSIVE JURISDICTION OVER THE ADJUDICATION OF SUCH MATTERS. BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY HERETO FURTHER IRREVOCABLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND HEREBY WAIVES IN ALL RESPECTS ANY CLAIM OR OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON-CONVENIENS. EACH PARTY HERETO AGREES THAT A FINAL NON-APPEALABLE JUDGMENT IN ANY SUCH ACTION BROUGHT IN ANY SUCH COURT SHALL BE CONCLUSIVE AND BINDING UPON IT AND MAY BE ENFORCED IN ANY OTHER COURTS HAVING JURISDICTION OVER IT BY SUIT UPON SUCH JUDGMENT. EACH OF THE PARTIES HERETO HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF ANY OTHER PARTY HERETO HAS REPRESENTED EXPRESSLY OR OTHERWISE THAT SUCH PARTY WOULD NOT SEEK TO ENFORCE THE PROVISIONS OF THIS WAIVER. EACH OF THE PARTIES HERETO HEREBY ACKNOWLEDGES THAT IT HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY AND IN RELIANCE UPON, AMONG OTHER THINGS, THE PROVISIONS OF THIS SECTION 10.

**Section 11**: Entire Agreement; Amendments; Counterparts; Severability: This Agreement represents the entire agreement between the parties, supersedes all previous agreements relating to the subject matter hereof (should they exist) and may not be modified or amended except in writing signed by all of the parties hereto. This Agreement may be executed in counterparts (and by facsimile or other electronic means), each of which shall constitute an original and all of which together will be deemed to be one and the same document. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

**Section 12: Publicity**

The Company Parties acknowledge and agree that, following the Termination Date, Sasson may list their engagement on their CV and/or Linkedin profile and in such other publications as may be customary describing its services in connection with any transaction, following the completion of such transaction, provided that the Company Parties may reasonably approves the proposed description and may elect not to be identified by name.

[The rest of this Page is Left Intentionally Blank]

Please confirm that the foregoing correctly sets forth our understanding and indicate your acceptance thereof in the space provided below, whereupon this Agreement and your acceptance shall constitute a binding agreement between and among us.

Very truly yours,

By:______________________________
Daniel Sasson

Accepted and Agreed to as
of the date first written above:

Simad Holdings Limited

By:______________________________
Name: Assaf Ravid
Title: Chief Restructuring Officer

SCHEDULE A

INTERMEDIATE SIMAD I LLC

SIMAD EQUITIES LLC

[DAMIS HOLDINGS LLC]

ACHIM LANDCO LLC

ACHIM OPERATINGCO LLC

BANNER LANDCO LLC

BANNER OPERATINGCO LLC

BLUESTAR LANDCO LLC

BLUESTAR OPERATINGCO LLC

CHATEAUGAY LANDCO LLC

CHATEAUGAY CAMPCO LLC

BAHS OPERATING INC.

BAHS HOLDINGS LLC

CLUB GETAWAY OPERATINGCO LLC

CLUB GETAWAY LANDCO LLC

COUNTRY ROADS LANDCO LLC

COUNTRY ROADS OPERATINGCO LLC

MILL ROAD LANDCO LLC

EAGLE'S LANDING DAY CAMP LLC

SHAB OPERATING INC.

SHAB HOLDINGS LLC

GREEN LANE LANDCO LLC

GREEN LANE OPERATINGCO LLC

GREENVILLELAND LLC

MALKA OPERATINGCO LLC

IAFALANDCO LLC

IAFAOPERATINGCO LLC

ISLAND LAKE LANDCO LLC

ISLAND LAKE CAMPCO LLC

KIWI OPERATINGCO LLC

LAVCO LLC

LAVLAND LLC

RDM CAMPS LLC

MEADOWBROOK OPERATINGCO LLC

MEADOWBROOK LANDCO LLC

CAMP MED-O-LARK, INC.

WASHINGTON LAKE LLC

MESORAHCO LLC

MESORAHLAND LLC

MOGENAVCO LLC

MOGENAVLAND LLC

MOHAWKCAMPCO LLC

MOHAWKLAND LLC

MOHAWK COUNTRY DAY SCHOOL, INC.

BELGRADE LAKES SUMMER CAMPS LLC

POLAND LANDCO LLC

POLAND CAMPCO LLC

PINE FOREST CAMPCO LLC

PINE FOREST LANDCO LLC

ROLLING HILLS LANDCO LLC

ROLLING HILLS OPERATINGCO LLC

SUMMIT CAMP LLC

WAUKEELA OPERATINGCO LLC

WAUKEELA LANDCO LLC

WEKEELAND LLC

MAINEWEKEELACO LLC

WILLOW LAKE DAY CAMPS LLC

WILLOW LAKE LAND CORPORATION

WM CAMP LLC

WM LAND LLC

WIKI OPERATINGCO LLC

# <u>Exhibit B</u>

**Ravid Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| SIMAD Debtors. | (Jointly Administered) |

**DECLARATION OF ASSAF RAVID IN SUPPORT OF SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Assaf Ravid, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge and belief:

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1. I presently serve as Chief Restructuring Officer ("CRO") for the above-captioned debtors and debtors-in-possession (the "SIMAD Debtors") pursuant to an engagement letter dated as of June 2, 2026 (the "Ravid Engagement Letter").

2. I submit this declaration (the "Declaration") on behalf of myself in support of the *SIMAD Debtors' Motion for Entry of an Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion")[2] pursuant to 11 U.S.C. §§ 105(a) and 363(b) on the terms and conditions set forth in the Motion and the Ravid Engagement Letter, effective as of the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## DISINTERESTEDNESS AND ELIGIBILITY

3. I have utilized certain procedures to determine the relationship, if any, to parties that may have a connection to any of the SIMAD Debtors in the Chapter 11 Cases. Upon my retention, I obtained from the SIMAD Debtors a list of interested parties and significant creditors (the "Potential Parties in Interest"), which includes the SIMAD Debtors, Camp Directors and known creditors. A copy of the Potential Parties in Interest List is annexed hereto as Schedule A. I reviewed the list of Potential Parties in Interest against my prior engagements to identify any relationships that require disclosure.

4. Based on the review conducted, I am disclosing the following connections to the SIMAD Debtors or other parties in interest:

a) Mishmeret Trust Company is the primary secured lender to All Year Holdings Ltd., for which I served as Chief Restructuring Officer and Chief Executive Officer and currently act as the plan administrator.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

b) Mishmeret Trust Company was the principal creditor in the following engagements:

1. William Vale Hotel for which I served as the Chief Restructuring Officer and, currently, act as the plan administrator; and

2. Evergreen for which I served as the Chief Restructuring Officer until the effective date.

5. As a result, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, that I:

a) am not a creditor of the SIMAD Debtors (including by reason of unpaid fees for prepetition services) or an equity security holder of the SIMAD Debtors;

b) am not, and have not been, within 2 years before the date of the filing of the petition, a director, officer, or an employee of the SIMAD Debtors; and

c) do not have any interest materially adverse to the interests of the SIMAD Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the SIMAD Debtors, or for any other reason.

6. If any new material relevant facts or relationships are discovered or arise, I will promptly file a supplemental declaration.

**COMPENSATION**

7. Subject to Court approval of the Motion and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the Local Rules for the United States Bankruptcy Court for the District of New Jersey, I will seek payment for compensation on the monthly basis, and reimbursement of actual and necessary expenses incurred, as set forth in the Ravid Engagement Letter.

8. I have not made any commitments or received any promises with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. Furthermore, I do not have any agreement with any other entity to share with such entity any compensation received in connection with these Chapter 11 Cases.

9. By reason of the foregoing, I submit that I am eligible for retention by the SIMAD Debtors pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2026

*/s/ Assaf Ravid*
Assaf Ravid
Chief Restructuring Officer

Schedule A

Potential Parties in Interest List

## SIMAD Holdings – Parties in Interest

**Debtors**
ROLLING HILLS OPERATINGCO LLC
ROLLING HILLS LANDCO LLC
COUNTRY ROADS OPERATINGCO LLC
COUNTRY ROADS LANDCO LLC
EAGLE'S LANDING DAY CAMP LLC
MEADOWBROOK OPERATINGCO LLC
MEADOWBROOK LANDCO LLC
MILL ROAD LANDCO LLC
SIMAD HOLDINGS LTD.
INTERMEDIATE SIMAD 1 LLC
SIMAD EQUITIES LLC
ACHIM LANDCO LLC
BAHS HOLDINGS LLC
ACHIM OPERATINGCO LLC
BAHS OPERATING INC.
BANNER LANDCO LLC
BANNER OPERATINGCO LLC
BELGRADE LAKES SUMMER CAMPS LLC
BLUESTAR LANDCO, LLC
CAMP MED-O-LARK, INC.
BLUESTAR OPERATINGCO, LLC
CHATEAUGAY LANDCO, LLC
CHATEAUGAY CAMPCO, LLC
CLUB GETAWAY OPERATINGCO, LLC
GREEN LANE OPERATINGCO, LLC
CLUB GETAWAY LANDCO, LLC
IAFALANDCO, LLC
ISLAND LAKE CAMPCO, LLC
GREEN LANE LANDCO, LLC
KIWI OPERATINGCO, LLC
GREENVILLELAND LLC
WAUKEELA OPERATINGCO LLC
IAFAOPERATINGCO, LLC
MAINEWEKEELACO, LLC
MESORHACO, LLC
ISLAND LAKE LANDCO, LLC
MOGENAVCO, LLC
LAVCO, LLC
MOHAWKCAMPCO, LLC
PINE FOREST CAMPCO, LLC
LAVLAND, LLC
POLAND CAMPCO, LLC
MALKA OPERATINGCO, LLC
RDM CAMPS, LLC

SHAB OPERATING INC.
MESORAHLAND, LLC
WASHINGTON LAKE, LLC
MOGENAVLAND LLC
WEKEELAND LLC
MOHAWKLAND LLC
WM LAND, LLC
PINE FOREST LANDCO LLC
WM CAMP, LLC
POLAND LANDCO, LLC
WAUKEELA LANDCO, LLC
SUMMIT CAMP, LLC
SHAB HOLDINGS LLC
ONE CANAL PLACE LEASING LLC
ONE CANAL PLACE REAL ESTATE LLC
QUADSTAR REALTY LLC
MOHAWK COUNTRY DAY SCHOOL, INC.

**Directors & Officers**
ADAM WEINER*
DAVID SCHREIBER*
DAVID SHABSELS*
IVAN BELLOTTO*
JACOB LABOVITZ*
JAY FREEDMAN*
JOSEPH STANSKY*
KARLA BELLOTTO*
KERRY LABOVITZ *
LAUREN POPKIN-HERSCHTHAL*
MICHAEL SHABSELS*
RONEN GABBAY*
SETH HERSCHTHAL
STACY KOTELOV*

**Bankruptcy Judges**
CHIEF JUDGE MICHAEL B. KAPLAN
HON. ANDREW B. ALTENBURG, JR.
HON. CHRISTINE M. GRAVELLE
HON. JERROLD N. POSLUSNY, JR.
HON. JOHN K. SHERWOOD
HON. MARK E. HALL
HON. ROSEMARY GAMBARDELLA
HON. STACEY L. MEISEL
HON. VINCENT F. PAPALIA

**<u>Separately Administered Debtors</u>**
1000 ACRES HOLDINGS, LLC
1101 EAST GLENDALE BOULEVARD REAL ESTATE LLC
1101 EAST GLENDALE BOULEVARD LEASING LLC
11200 WEST FLORISSANT AVENUE LEASING LLC
11200 WEST FLORISSANT AVENUE REALTY LLC
1133 NORTHWEST L STREET LEASING LLC
1133 NORTHWEST L STREET REAL ESTATE LLC
1135 EAST CHOCOLTE AVENUE LEASING LLC
12 CAMBRIDGE DRIVE LEASING LLC
12 CAMBRIDGE DRIVE REALTY LLC
1323 AUGUSTA WEST PARKWAY LEASING LLC
1323 AUGUSTA WEST PARKWAY REAL ESTATE LLC
1401 US HIGHWAY 49B REAL ESTATE LLC
149 EMERALD STREET LEASING LLC
149 EMERALD STREET REAL ESTATE LLC
1600 EASTCHASE PARKWAY LEASING LLC
1600 EASTCHASE PARKWAY REAL ESTATE LLC
1912 MEMORIAL DRIVE REAL ESTATE LLC
194 WASHINGTON AVENUE LEASING LLC
194 WASHINGTON AVENUE REAL ESTATE LLC
200 GREAT POND DRIVE LEASING LLC
200 GREAT POND DRIVE REAL ESTATE LLC
201 CENTRE DRIVE LEASING LLC
201 CENTRE DRIVE REAL ESTATE LLC
2195 HARLEM ROAD LEASING LLC
2195 HARLEM ROAD REAL ESTATE LLC
2203 GRAND CANAL BOULEVARD LEASING LLC
2203 GRAND CANAL BOULEVARD REAL ESTATE LLC
2302 WINDSONG DRIVE LEASING LLC
2434 SOUTH INTERSTATE 35E LEASING LLC
2434 SOUTH INTERSTATE 35E REAL ESTATE LLC
250 PROGRESSIVE LEASING LLC
250 PROGRESSIVE REAL ESTATE LLC
2547 BRINDLE DRIVE LEASING LLC
2547 BRINDLE DRIVE REAL ESTATE LLC
2974 COPPERCREEK ROAD LEASING LLC
3385 NEWMARK DRIVE LLC
3413 TITTABWASSEE ROAD LEASING LLC
3413 TITTABWASSEE ROAD REAL ESTATE LLC
348 MORRIS AVENUE REAL ESTATE LLC
400 GREENS ROAD LEASING LLC
400 GREENS ROAD REAL ESTATE LLC
4200 PARK AVENUE LEASING LLC
4238 BAY ROAD LEASING LLC
4238 BAY ROAD REAL ESTATE LLC

44 SOUTHPOINT DRIVE LEASING LLC
45 COMMERCE DRIVE LEASING LLC
45 COMMERCE DRIVE REAL ESTATE LLC
4650 WESTWAY PARK BOULEVARD LEASING LLC
4650 WESTWAY PARK BOULEVARD REAL ESTATE LLC
4800 USH 280 LEASING LLC
4800 USH 280 REAL ESTATE LLC
5707 MACCORKLE AVENUE LEASING LLC
5707 MACCORKLE AVENUE REAL ESTATE LLC
7335 GLADIOLOUS LLC
771 CORPORATE DRIVE LEASING LLC
771 CORPORATE DRIVE REAL ESTATE LLC
830 COUNTY ROAD 64 LEASING LLC
830 COUNTY ROAD 64 REAL ESTATE LLC
90 PLEASANT VALLEY STREET LEASING LLC
90 PLEASANT VALLEY STREET REAL ESTATE LLC
BELMON APARTMENT PARTNERS LLC
CATSKILL WINE AND FOOD FESTIVAL LLC
DAMIS HOLDINGS LLC
DAMIS VENTURE LLC
DASMAS LANDCO LLC
EAST HARTFORD PROPERTIES LEASING LLC
EAST HARTFORD PROPERTIES REAL ESTATE LLC
FAIRPLAIN PLAZA LEASING LLC
FAIRPLAIN PLAZA REAL ESTATE LLC
HIGHLAND PARK PARTNERS LLC
MATTESON CENTER LEASING LLC
MATTESON CENTER REAL ESTATE LLC
MONTCLAIR CONDO HOLDINGS LLC
OKLAHOMA WILSHIRE LOFTS LEASING LLC
OKLAHOMA WILSHIRE LOFTS REAL ESTATE LLC
ROCKING HORSE RANCH LANDCO LLC
ROCKING HORSE RANCH OPERATINGCO LLC
SECONDARY PARAGOULD LLC
SIMAD HOLDINGS LLC
SIMAD VENTURE LLC
SOUTH LOOP WEST LEASING LLC
SOUTH LOOP WEST REAL ESTATE LLC
SOUTHWEST OHIO ASSOCIATES LLC
SPLASHDOWN BEACH LANDCO LLC
SPLASHDOWN BEACH OPERATINGCO LLC
STONY CREEK OPERATING CO, LLC
TURNPIKE ROAD HOLDINGS LLC
WG OPERATINGCO LLC
WOODLANDS EAGLE TIMBER LEASING LLC

**Bankruptcy Professionals – Retained**

ASSAF RAVID
COLE SCHOTZ P.C.
DANIEL Y. SASSON
FTI CONSULTING, INC.
KROLL RESTRUCTURING ADMINISTRATION
MIKEWORLDWIDE

**Banks/Lenders/Administrative Agents**

ACE FUNDING SOURCE LLC
ASEND BANK
AGILE CAPITAL FUNDING, LLC
AGILE LENDING, LLC
AMERICAN CHOICE CAPITAL LLC
AUSTIN BUSINESS FINANCE, LLC
BANK IOWA
BANK OF AMERICA
BANK OF CLARK COUNTY
BANK OF NEW HAMPSHIRE
BARZELL
BEACON BANK
BLOC FUNDINGBYLINE BANK
CASHERA PRIVATE CREDIT INC.
CHASE BANK
CLEARVIEW FUNDING GROUP
COMMUNITY BANK
E ADVANCE SERVICES LLC
ENTERGY
FAIRPARK CAPITAL LLC
FINWISE BANK (MULLIGAN FUNDING)
FIRST CITIZENS BANK
FIRST FINANCIALBANK
FUNDERS WEST
FUNDING CLUB LLC
HOMETRUST BANK
IOU FINANCIAL
KETA CONSTRUCTION COMPANY
LIBERTAS
LIFETIME FUNDING LLC D/B/A LIFETIME FUNDING
LNS GROUP LLC D/B/A/ LNS GROUP
THE MERCHANT MARKETPLACE HOLDINGS CORP.
METROPOLITAN PARTNERS GROUP MANAGEMENT, LLC
METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC
MISHMERET TRUST COMPANY LTD
NBT BANK

NORWAY SAVINGS BANK
NEWCO CAPITAL GROUP VI LLC
OCEAN FUNDING CORP.
OPTIMUM LENDING PARTNERS
ORCAFUNDING LLC
PCSB
PROVIDENT BANK
RAMP BANK
REDSTONE ADVANCE INC
TIDEWAY
TD BANK
TRANSPARENCY ADVANCE D/B/A NITRO ADVANCE LLC
UNION BANK
VAULT 26 CAPITAL LLC
WAYNE BANK
WYNWOOD CAPITAL GROUP LLC

**Equity Holders**
EZRIEL FRANKEL
MARK SHER
STACY KOTELOV
LAUREN POPKIN-HERSCHTHAL
ADAM WEINER
JAY FREEDMAN
IVAN BELLOTTO
KARLA BELLOTTO
JOSEPH STANSKY
RONEN GABBAY
DAVID SHABSELS
MICHAEL SHABSELS
GLYNIS CONYER
ALAN SMITH
BETON HOLDINGS LLC
JACOB LABOVITZ
KERRY LABOVITZ

**Insurance**
ALLIANZ GLOBAL CORPORATE & SPECIALTY
BROWN & BROWN OF GARDEN CITY, INC.
CHURCH MUTAL INSURANCE
FEDERAL INSURANCE COMPANY
MIDVALE INDEMNITY COMPANY
PHILADELPHIA INDEMNITY INSURANCE COMANY
RSG UNDERWRITING
THE HARTFORD INSURANCE GROUP
THE TRAVELERS INDEMNITY COMPANY

**Taxing Authorities/ Governmental/ Regulatory Agencies**

COMMONWEALTH OF PENNSYLVANIA
STATE OF NEW JERSEY DEPT OF LABOR A
CCH INCORPORATED
ANDERSEN TAX HOLDINGS LLC
CHESTER COUNTY TREASURER
CITY OF BETHLEHEM
INTERNAL REVENUE SERVICE
NEW YORK DEPT OF STATE
WAKE COUNTY REVENUE DEPT
COMMONWEALTH OF PENNSYLVANIA
HELLO BEE LLC
NORTH CAROLINA DEPARTMENT OF LABOR OSHA
WEST GOSHEN TOWNSHIP
SAN FRANCISCO TAX COLLECTOR
N.C. DEPARTMENT OF REVENUE
COMMONWEALTH OF PENNSYLVANIA
NORTH CAROLINA DEPT OF
DELAWARE DEPT OF LABOR
SPRINGFIELD TOWNSHIP
TREASURER LOWER MARION
EDGECOMBE COUNTY TAX COLLECTOR
ANDERSEN TAX LLC
PENNSYLVANIA HAZARDOUS MATERIAL
GALAXY US OPCO INC.
NORTH CAROLINA DEPARTMENT OF REVENUE
PENNSYLVANIA DEPARTMENT OF REVENUE
NEW HAMPSHIRE DIVISION OF EMERGENCY SERVICES AND COMMUNICATIONS
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NORTH CAROLINA DEPARTMENT OF REVENUE
ILLINOIS DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
TOWN OF FRANCONIA
WAKE COUNTY REVENUE DEPARTMENT
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
PHILADELPHIA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
NYC DEPARTMENT OF FINANCE
CONNECTICUT DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
PENNSYLVANIA DEPARTMENT OF REVENUE
WAKE COUNTY REVENUE DEPARTMENT

CITY OF BETHLEHEM
ILLINOIS DEPARTMENT OF REVENUE,
NEW JERSEY DIVISION OF TAXATION,
NYS SALES TAX PROCESSING,
NORTH CAROLINA DEPARTMENT OF REVENUE
PA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
WEST GOSHEN
MECKLENBURG COUNTY
ANDERSEN TAX HOLDINGS LLC
ANDERSEN TAX LLC
ILLINOIS DEPT. OF REVENUE
MAINE REVENUE SERVICES
LANCASTER COUNTY
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
NORTH CAROLINA DEPT. OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
PENNSYLVANIA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NORTH CAROLINA DEPARTMENT OF REVENUE
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
DURHAM COUNTY, NC
PENNSYLVANIA DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
(EASTERN) LEBANON COUNTY TREASURER
ILLINOIS DEPARTMENT OF REVENUE
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NORTH CAROLINA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPT. OF REVENUE SERVICES
ILLINOIS DEPARTMENT OF REVENUE
PENNSYLVANIA DEPT. OF REVENUE
NEW JERSEY DIVISION OF TAXATION
MAINE REVENUE SERVICES
ILLINOIS DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
CONNECTICUT DEPARTMENT OF LABOR
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF NEW JERSEY UNCLAIMED PROPERTY DIVISION
MAINE DEPARTMENT OF THE SECRETARY OF STATE
STATE OF DEPARTMENT OF ENVIRONMENTAL CONSERVATION

ENVIRONMENTAL PROTECTION AGENCY
STATE OF NEW YORK ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE
EEOC PHILADELPHIA DISTRICT OFFICE
ENVIRONMENTAL PROTECTION AGENCY
STATE OF CONNECTICUT UNCLAIMED PROPERTY DIVISION
STATE OF NORTH CAROLINA UNCLAIMED PROPERTY PROGRAM
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF NORTH CAROLINA ATTORNEY GENERAL
MAINE SECRETARY OF STATE
SECRETARY OF STATE-ILLINOIS
STATE OF ILLINOIS ATTORNEY GENERAL
DELAWARE SECRETARY OF STATE
SECRETARY OF STATE NEW JERSEY
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
NORTH CAROLINA SECRETARY OF STATE
STATE OF CONNECTICUT ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NORTH CAROLINA ATTORNEY GENERAL
STATE OF PENNSYLVANIA ATTORNEY GENERAL
STATE OF PENNSYLVANIA BUREAU OF CONSUMER PROTECTION
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
SECRETARY OF STATE NORTH CAROLINA
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE-ILLINOIS
INTERNAL REVENUE SERVICE
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCYREGION 2 RCRA PROGRAMS BRANCH
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCYBUREAU OF SOLID WASTE MANAGEMENT
ILLINOIS SECRETARY OF STATE
STATE OF ILLINOIS ATTORNEY GENERAL
EEOC NEW YORK DISTRICT OFFICE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
STATE OF ILLINOIS UNCLAIMED PROPERTY DIVISION
ILLINOIS SECRETARY OF STATE
NORTH CAROLINA DEPARTMENT OF LABOR
NEW YORK DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
STATE OF NEW YORK CONSUMER PROTECTION DIVISION
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY
STATE OF CONNECTICUT CONSUMER PROTECTION DIVISION
ILLINOIS SECRETARY OF STATE
EEOC BUFFALO LOCAL OFFICE
EEOC PITTSBURGH AREA OFFICE

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION (DEEP)
STATE OF MAINE UNCLAIMED PROPERTY DIVISION
EEOC NEWARK AREA OFFICE
STATE OF PENNSYLVANIA DEPT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE CONNECTICUT
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
SECRETARY OF STATE PENNSYLVANIA
SECRETARY OF STATE NEW YORK
STATE OF NEW YORK UNCLAIMED PROPERTY DIVISION
STATE OF PENNSYLVANIA UNCLAIMED PROPERTY DIVISION
STATE OF NEW JERSEY ATTORNEY GENERAL
NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
STATE OF NEW JERSEY CONSUMER AFFAIRS DIVISION
MAINE DEPARTMENT OF LABOR
DURHAM COUNTY ENGINEERING AND ENVIRONMENTAL SERVICES UTILITIES DIVISION
COLORADO DEPARTMENT OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE
HARTFORD DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA
CITY OF GREENVILLE
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
GREELEY SALES TAX DIVISION
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CONNECTICUT DEPT. OF REVENUE SERVICES
STATE OF CONNECTICUT ATTORNEY GENERAL
OFFICES OF THE UNITED STATES ATTORNEYS
WASHINGTON DC ATTORNEY GENERAL
WAYNE COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
WESTCHESTER COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
PUTNAM COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
WASHINGTON COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
CITY OF GREELEY TAX DEPARTMENT
CITY OF HARTFORD
CITY OF KENT
CITY OF GREENVILLE
COLORADO DEPARTMENT OF REVENUE
DC OFFICE OF FINANCE AND TREASURY
CITY OF WASHINGTON
CONNECTICUT OFFICE OF THE TREASURER
CONNECTICUT DEPARTMENT OF REVENUE SERVICES

CITY OF LAKEWOOD-FINANCE DEPT.
GREENVILLE BOROUGH TAX COLLECTOR
CONNECTICUT COMMISSIONER OF REVENUE SERVICES
SOUTH STRABANE TOWNSHIP
NORTH FRANKLIN TOWNSHIP
TOWN OF WINDSOR
WAYNE COUNTY, PA AUDITOR
WASHINGTON TOWNSHIP TREASURER
NORTH FRANKLIN TOWNSHIP
TOWN OF BERLIN
THE DC OFFICE OF TAX AND REVENUE
WASHINGTON COUNTY TREASURER
TOWN OF HAMDEN
MONMOUTH COUNTY NJ COUNTY CONSUMER PROTECTION AGENCY
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS
TOWN OF CATSKILL
TOWN OF THOMPSON
TOWN OF LAKE FOREST
HENDERSONVILLE COUNTY
TOWN OF MERRILL
MANALAPAN TOWNSHIP
BRUNSWICK TOWNSHIP
BURLINGHAM TOWN
GREEN LANE BOROUGH
FRYEBURG TOWN OFFICE
STARRUCCA BOROUGH TAX COLLECTOR
GLEN SPEY TOWN
LONG VALLEY
TOWN OF GUILFORD
SWAN LAKE
TOWN OF BELGRADE
TOWN OF POLAND
TOWN OF EATON

**U.S. Trustee Office**

ADELA ALFARO
ANGELIZA ORTIZ-NG
DANIEL C. KROPIEWNICKI
DAVID GERARDI
FRAN B. STEELE
FRANCYNE D. ARENDAS
JAMES STIVES

JEFFREY SPONDER
KIRSTEN K. ARDELEAN
LAUREN BIELSKIE
MICHAEL ARTIS
PETER J. D'AURIA
RACHEL WOLF
SAMANTHA LIEB
SAVANNA CRUZ
TIA GREEN
TINA L. OPPELT
WILLIAM J. ZIEMER

**Utilities**

8X8, INC.
AMPION
ARCHIE'S INC.
AT&T WIRELESS
AXIOM
BANNON'S SANITATION
BLUE RIDGE
CASELLA WASTE
CASELLA WASTE / PINE TREE
CASSELLA
CASTELLA WASTE
CENTRAL MAINE POWER
CENTRAL MAINE POWER
CENTRAL MAINE POWER (CMP)
COMCAST
COMCAST BUSINESS
COMCAST/XFINITY
COMED
CON EDISON
CONSOLIDATED EDISON
DIRECT FIBER
DUMPSTER NORTH CONWAY INCINERATOR
ELECTRIC CENTRAL MAINE POWER
EVERSOURCE
EVERSOURCE ENERGY
FERREL GAS
FIRMSTONE OIL
FIRST ENERGY (PENELEC)
FIRST LIGHT
FIRSTLIGHT FIBER
FOURLEAF VOICE
FOWLER

GAS DEAD RIVER COMPANY
GORDONS CORNER
GRANITE STATE COMMUNICATIONS
GREGORY'S DISPOSAL
HELIX TELECOM INC.
HIGHHOUSE ENERGY
INTERNET/PHONES CAMP
JCP&L
JCPL
MAINE WATER CO
NEWTEL
NJNG
NORTH SHORE GAS
NYSEG
OOMA
OPTIMUM
OPTIMUM CABLE
ORANGE & ROCKLAND
PECO
PENELEC
PENELEC (FIRST ENERGY)
PPL
PSE&G
REPUBLIC SERVICES
RINGCENTRAL
SANICO
SIPTRUNK
SLIC
SOUTH BRUNSWICK WATER UTILITY
SPECTRUM
SPECTRUM BUSINESS
SPECTRUM MOBILE
STARLINK
SUBURBAN PROPANE
TELESYS AND STARLINK
THOMPSON SANITATION
TOWN OF GREENBURGH
TOWN OF HILLSBOROUGH
UBIQUITI
UNIFI PROTECT
VERIZON
VERIZON BUSINESS
VERIZON WIRELESS
VONAGE
WASTE MANAGEMENT
WASTE MANAGEMENT

WASTE MANAGEMENT OF NEW HAMPSHIRE
WASTE MANAGEMENT OF NEW JERSEY, INC.
WELSH SANITATION SERVICE
WIN WASTE INNOVATIONS
ZOOM

**Vendors**

ABBIE SOPHIA, LLC
AIFS CAMP AMERICA
AMUSEMENT SUPPLY CO
B&B ELECTRIC, LLC
BD CAMP TRIPS
BERNAS CONSTRUCTION LLC
BMA CONTRACTING, INC
BROWN COACH, INC.
CAMP LEADERS (SMALLER EARTH LIMITED)
CAROLINA GOLF CARS
CAROLINA LANDSCAPE MANAGEMENT
CBH ELECTRIC INC
COUNTY LINE SHEDS
CRUSTERS
CUSTOM POOLS & SPAS
DRISCOLL FOODS
FRANKEL DISPOSABLES B
FRANKEL DISPOSABLES G
GZA INC.
HALES BUS GARAGE
HOFFMAN PRODUCTIONS, INC
HOME DEPOT CREDIT SERVICES
IENA
IVY OAKS
IVY OAKS ANALYTICS
JOHN ROSS, INC
KOSHERLINE LLC
LOWE'S
MTC DJ SERVICE
NYSIF WORKERS' COMPENSATION
OXFORD HEALTH PLANS
POLJAK ASSOCIATES
POND HILL RANCH
ROYAL KOSHER B
RYCHIK DESIGN & CONSTRUCTION CO., INC.
SIMPLY SUSHI
TRI STATE BUSSING LLC

UPSTATE DAIRY/ GOLDEN FLOW- BOYS KITCHEN
WATERMARK LANDSCAPE ARCHITECTURE
WYDE LUMBER & SUPPLY

# **Exhibit C**

**Sasson Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al*.,[1]<br><br>SIMAD Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF DANIEL SASSON IN SUPPORT OF SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Daniel Sasson, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge and belief:

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1. I presently serve as Associate Restructuring Officer ("ARO") for the above-captioned debtors and debtors-in-possession (the "SIMAD Debtors") pursuant to an engagement letter dated as of June 1, 2026 (the "Sasson Engagement Letter").

2. I submit this declaration (the "Declaration") on behalf of myself in support of the *SIMAD Debtors' Motion for Entry of an Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion")[2] pursuant to 11 U.S.C. §§ 105(a) and 363(b) on the terms and conditions set forth in the Motion and Sasson Engagement Letter, effective as of the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**DISINTERESTEDNESS AND ELIGIBILITY**

3. I have utilized certain procedures to determine the relationship, if any, to parties that may have a connection to any of the SIMAD Debtors in the Chapter 11 Cases. Upon my retention, I obtained from the SIMAD Debtors a list of interested parties and significant creditors (the "Potential Parties in Interest"), which includes the SIMAD Debtors, Camp Directors and known creditors. A copy of the Potential Parties in Interest List is annexed hereto as Schedule A. I reviewed the list of Potential Parties in Interest against my prior engagements to identify any relationships that require disclosure.

4. Based on the review conducted, I am disclosing the following connections to the SIMAD Debtors or other parties in interest:

a) Mishmeret Trust Company is the primary secured lender to All Year Holdings Ltd., for which I served as restructuring associate and, currently, am assisting Mr. Ravid in his capacity as the plan administrator.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

b) Mishmeret Trust Company was the principal creditor in the following engagements:

1. William Vale Hotel for which I served as a restructuring associate and, currently, am assisting Mr. Ravid in his capacity as the plan administrator;

2. Evergreen for which I served as a restructuring associate; and

3. 9 Crosby LLC for which I currently serve as the Manager.

5. As a result, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, that I:

a) am not a creditor of the SIMAD Debtors (including by reason of unpaid fees for prepetition services) or an equity security holder of the SIMAD Debtors;

b) am not, and have not been, within 2 years before the date of the filing of the petition, a director, officer, or an employee of the SIMAD Debtors; and

c) do not have any interest materially adverse to the interests of the SIMAD Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the SIMAD Debtors, or for any other reason.

6. If any new material relevant facts or relationships are discovered or arise, I will promptly file a supplemental declaration.

**COMPENSATION**

7. Subject to Court approval of the Motion and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the Local Rules for the United States Bankruptcy Court for the District of New Jersey, I will seek payment for compensation on the monthly basis, and reimbursement of actual and necessary expenses incurred, as set forth in the Sasson Engagement Letter.

8. I have not made any commitments or received any promises with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. Furthermore, I do not have any agreement with any other entity to share with such entity any compensation received in connection with these Chapter 11 Cases.

9. By reason of the foregoing, I submit that I am eligible for retention by the SIMAD Debtors pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 22, 2026

*/s/Daniel Sasson*
Daniel Sasson
Associate Restructuring Officer

Schedule A

Potential Parties in Interest List

# SIMAD Holdings – Parties in Interest

**Debtors**

ROLLING HILLS OPERATINGCO LLC
ROLLING HILLS LANDCO LLC
COUNTRY ROADS OPERATINGCO LLC
COUNTRY ROADS LANDCO LLC
EAGLE'S LANDING DAY CAMP LLC
MEADOWBROOK OPERATINGCO LLC
MEADOWBROOK LANDCO LLC
MILL ROAD LANDCO LLC
SIMAD HOLDINGS LTD.
INTERMEDIATE SIMAD 1 LLC
SIMAD EQUITIES LLC
ACHIM LANDCO LLC
BAHS HOLDINGS LLC
ACHIM OPERATINGCO LLC
BAHS OPERATING INC.
BANNER LANDCO LLC
BANNER OPERATINGCO LLC
BELGRADE LAKES SUMMER CAMPS LLC
BLUESTAR LANDCO, LLC
CAMP MED-O-LARK, INC.
BLUESTAR OPERATINGCO, LLC
CHATEAUGAY LANDCO, LLC
CHATEAUGAY CAMPCO, LLC
CLUB GETAWAY OPERATINGCO, LLC
GREEN LANE OPERATINGCO, LLC
CLUB GETAWAY LANDCO, LLC
IAFALANDCO, LLC
ISLAND LAKE CAMPCO, LLC
GREEN LANE LANDCO, LLC
KIWI OPERATINGCO, LLC
GREENVILLELAND LLC
WAUKEELA OPERATINGCO LLC
IAFAOPERATINGCO, LLC
MAINEWEKEELACO, LLC
MESORHACO, LLC
ISLAND LAKE LANDCO, LLC
MOGENAVCO, LLC
LAVCO, LLC
MOHAWKCAMPCO, LLC
PINE FOREST CAMPCO, LLC
LAVLAND, LLC
POLAND CAMPCO, LLC
MALKA OPERATINGCO, LLC
RDM CAMPS, LLC

SHAB OPERATING INC.
MESORAHLAND, LLC
WASHINGTON LAKE, LLC
MOGENAVLAND LLC
WEKEELAND LLC
MOHAWKLAND LLC
WM LAND, LLC
PINE FOREST LANDCO LLC
WM CAMP, LLC
POLAND LANDCO, LLC
WAUKEELA LANDCO, LLC
SUMMIT CAMP, LLC
SHAB HOLDINGS LLC
ONE CANAL PLACE LEASING LLC
ONE CANAL PLACE REAL ESTATE LLC
QUADSTAR REALTY LLC
MOHAWK COUNTRY DAY SCHOOL, INC.

**Directors & Officers**
ADAM WEINER*
DAVID SCHREIBER*
DAVID SHABSELS*
IVAN BELLOTTO*
JACOB LABOVITZ*
JAY FREEDMAN*
JOSEPH STANSKY*
KARLA BELLOTTO*
KERRY LABOVITZ *
LAUREN POPKIN-HERSCHTHAL*
MICHAEL SHABSELS*
RONEN GABBAY*
SETH HERSCHTHAL
STACY KOTELOV*

**Bankruptcy Judges**
CHIEF JUDGE MICHAEL B. KAPLAN
HON. ANDREW B. ALTENBURG, JR.
HON. CHRISTINE M. GRAVELLE
HON. JERROLD N. POSLUSNY, JR.
HON. JOHN K. SHERWOOD
HON. MARK E. HALL
HON. ROSEMARY GAMBARDELLA
HON. STACEY L. MEISEL
HON. VINCENT F. PAPALIA

**Separately Administered Debtors**
1000 ACRES HOLDINGS, LLC
1101 EAST GLENDALE BOULEVARD REAL ESTATE LLC
1101 EAST GLENDALE BOULEVARD LEASING LLC
11200 WEST FLORISSANT AVENUE LEASING LLC
11200 WEST FLORISSANT AVENUE REALTY LLC
1133 NORTHWEST L STREET LEASING LLC
1133 NORTHWEST L STREET REAL ESTATE LLC
1135 EAST CHOCOLTE AVENUE LEASING LLC
12 CAMBRIDGE DRIVE LEASING LLC
12 CAMBRIDGE DRIVE REALTY LLC
1323 AUGUSTA WEST PARKWAY LEASING LLC
1323 AUGUSTA WEST PARKWAY REAL ESTATE LLC
1401 US HIGHWAY 49B REAL ESTATE LLC
149 EMERALD STREET LEASING LLC
149 EMERALD STREET REAL ESTATE LLC
1600 EASTCHASE PARKWAY LEASING LLC
1600 EASTCHASE PARKWAY REAL ESTATE LLC
1912 MEMORIAL DRIVE REAL ESTATE LLC
194 WASHINGTON AVENUE LEASING LLC
194 WASHINGTON AVENUE REAL ESTATE LLC
200 GREAT POND DRIVE LEASING LLC
200 GREAT POND DRIVE REAL ESTATE LLC
201 CENTRE DRIVE LEASING LLC
201 CENTRE DRIVE REAL ESTATE LLC
2195 HARLEM ROAD LEASING LLC
2195 HARLEM ROAD REAL ESTATE LLC
2203 GRAND CANAL BOULEVARD LEASING LLC
2203 GRAND CANAL BOULEVARD REAL ESTATE LLC
2302 WINDSONG DRIVE LEASING LLC
2434 SOUTH INTERSTATE 35E LEASING LLC
2434 SOUTH INTERSTATE 35E REAL ESTATE LLC
250 PROGRESSIVE LEASING LLC
250 PROGRESSIVE REAL ESTATE LLC
2547 BRINDLE DRIVE LEASING LLC
2547 BRINDLE DRIVE REAL ESTATE LLC
2974 COPPERCREEK ROAD LEASING LLC
3385 NEWMARK DRIVE LLC
3413 TITTABWASSEE ROAD LEASING LLC
3413 TITTABWASSEE ROAD REAL ESTATE LLC
348 MORRIS AVENUE REAL ESTATE LLC
400 GREENS ROAD LEASING LLC
400 GREENS ROAD REAL ESTATE LLC
4200 PARK AVENUE LEASING LLC
4238 BAY ROAD LEASING LLC
4238 BAY ROAD REAL ESTATE LLC

44 SOUTHPOINT DRIVE LEASING LLC
45 COMMERCE DRIVE LEASING LLC
45 COMMERCE DRIVE REAL ESTATE LLC
4650 WESTWAY PARK BOULEVARD LEASING LLC
4650 WESTWAY PARK BOULEVARD REAL ESTATE LLC
4800 USH 280 LEASING LLC
4800 USH 280 REAL ESTATE LLC
5707 MACCORKLE AVENUE LEASING LLC
5707 MACCORKLE AVENUE REAL ESTATE LLC
7335 GLADIOLOUS LLC
771 CORPORATE DRIVE LEASING LLC
771 CORPORATE DRIVE REAL ESTATE LLC
830 COUNTY ROAD 64 LEASING LLC
830 COUNTY ROAD 64 REAL ESTATE LLC
90 PLEASANT VALLEY STREET LEASING LLC
90 PLEASANT VALLEY STREET REAL ESTATE LLC
BELMON APARTMENT PARTNERS LLC
CATSKILL WINE AND FOOD FESTIVAL LLC
DAMIS HOLDINGS LLC
DAMIS VENTURE LLC
DASMAS LANDCO LLC
EAST HARTFORD PROPERTIES LEASING LLC
EAST HARTFORD PROPERTIES REAL ESTATE LLC
FAIRPLAIN PLAZA LEASING LLC
FAIRPLAIN PLAZA REAL ESTATE LLC
HIGHLAND PARK PARTNERS LLC
MATTESON CENTER LEASING LLC
MATTESON CENTER REAL ESTATE LLC
MONTCLAIR CONDO HOLDINGS LLC
OKLAHOMA WILSHIRE LOFTS LEASING LLC
OKLAHOMA WILSHIRE LOFTS REAL ESTATE LLC
ROCKING HORSE RANCH LANDCO LLC
ROCKING HORSE RANCH OPERATINGCO LLC
SECONDARY PARAGOULD LLC
SIMAD HOLDINGS LLC
SIMAD VENTURE LLC
SOUTH LOOP WEST LEASING LLC
SOUTH LOOP WEST REAL ESTATE LLC
SOUTHWEST OHIO ASSOCIATES LLC
SPLASHDOWN BEACH LANDCO LLC
SPLASHDOWN BEACH OPERATINGCO LLC
STONY CREEK OPERATING CO, LLC
TURNPIKE ROAD HOLDINGS LLC
WG OPERATINGCO LLC
WOODLANDS EAGLE TIMBER LEASING LLC

**Bankruptcy Professionals – Retained**
ASSAF RAVID
COLE SCHOTZ P.C.
DANIEL Y. SASSON
FTI CONSULTING, INC.
KROLL RESTRUCTURING ADMINISTRATION
MIKEWORLDWIDE

**Banks/Lenders/Administrative Agents**
ACE FUNDING SOURCE LLC
ASEND BANK
AGILE CAPITAL FUNDING, LLC
AGILE LENDING, LLC
AMERICAN CHOICE CAPITAL LLC
AUSTIN BUSINESS FINANCE, LLC
BANK IOWA
BANK OF AMERICA
BANK OF CLARK COUNTY
BANK OF NEW HAMPSHIRE
BARZELL
BEACON BANK
BLOC FUNDINGBYLINE BANK
CASHERA PRIVATE CREDIT INC.
CHASE BANK
CLEARVIEW FUNDING GROUP
COMMUNITY BANK
E ADVANCE SERVICES LLC
ENTERGY
FAIRPARK CAPITAL LLC
FINWISE BANK (MULLIGAN FUNDING)
FIRST CITIZENS BANK
FIRST FINANCIALBANK
FUNDERS WEST
FUNDING CLUB LLC
HOMETRUST BANK
IOU FINANCIAL
KETA CONSTRUCTION COMPANY
LIBERTAS
LIFETIME FUNDING LLC D/B/A LIFETIME FUNDING
LNS GROUP LLC D/B/A/ LNS GROUP
THE MERCHANT MARKETPLACE HOLDINGS CORP.
METROPOLITAN PARTNERS GROUP MANAGEMENT, LLC
METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC
MISHMERET TRUST COMPANY LTD
NBT BANK

NORWAY SAVINGS BANK
NEWCO CAPITAL GROUP VI LLC
OCEAN FUNDING CORP.
OPTIMUM LENDING PARTNERS
ORCAFUNDING LLC
PCSB
PROVIDENT BANK
RAMP BANK
REDSTONE ADVANCE INC
TIDEWAY
TD BANK
TRANSPARENCY ADVANCE D/B/A NITRO ADVANCE LLC
UNION BANK
VAULT 26 CAPITAL LLC
WAYNE BANK
WYNWOOD CAPITAL GROUP LLC

**Equity Holders**
EZRIEL FRANKEL
MARK SHER
STACY KOTELOV
LAUREN POPKIN-HERSCHTHAL
ADAM WEINER
JAY FREEDMAN
IVAN BELLOTTO
KARLA BELLOTTO
JOSEPH STANSKY
RONEN GABBAY
DAVID SHABSELS
MICHAEL SHABSELS
GLYNIS CONYER
ALAN SMITH
BETON HOLDINGS LLC
JACOB LABOVITZ
KERRY LABOVITZ

**Insurance**
ALLIANZ GLOBAL CORPORATE & SPECIALTY
BROWN & BROWN OF GARDEN CITY, INC.
CHURCH MUTAL INSURANCE
FEDERAL INSURANCE COMPANY
MIDVALE INDEMNITY COMPANY
PHILADELPHIA INDEMNITY INSURANCE COMANY
RSG UNDERWRITING
THE HARTFORD INSURANCE GROUP
THE TRAVELERS INDEMNITY COMPANY

**<u>Taxing Authorities/ Governmental/ Regulatory Agencies</u>**

COMMONWEALTH OF PENNSYLVANIA
STATE OF NEW JERSEY DEPT OF LABOR A
CCH INCORPORATED
ANDERSEN TAX HOLDINGS LLC
CHESTER COUNTY TREASURER
CITY OF BETHLEHEM
INTERNAL REVENUE SERVICE
NEW YORK DEPT OF STATE
WAKE COUNTY REVENUE DEPT
COMMONWEALTH OF PENNSYLVANIA
HELLO BEE LLC
NORTH CAROLINA DEPARTMENT OF LABOR OSHA
WEST GOSHEN TOWNSHIP
SAN FRANCISCO TAX COLLECTOR
N.C. DEPARTMENT OF REVENUE
COMMONWEALTH OF PENNSYLVANIA
NORTH CAROLINA DEPT OF
DELAWARE DEPT OF LABOR
SPRINGFIELD TOWNSHIP
TREASURER LOWER MARION
EDGECOMBE COUNTY TAX COLLECTOR
ANDERSEN TAX LLC
PENNSYLVANIA HAZARDOUS MATERIAL
GALAXY US OPCO INC.
NORTH CAROLINA DEPARTMENT OF REVENUE
PENNSYLVANIA DEPARTMENT OF REVENUE
NEW HAMPSHIRE DIVISION OF EMERGENCY SERVICES AND COMMUNICATIONS
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NORTH CAROLINA DEPARTMENT OF REVENUE
ILLINOIS DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
TOWN OF FRANCONIA
WAKE COUNTY REVENUE DEPARTMENT
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
PHILADELPHIA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
NYC DEPARTMENT OF FINANCE
CONNECTICUT DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
PENNSYLVANIA DEPARTMENT OF REVENUE
WAKE COUNTY REVENUE DEPARTMENT

CITY OF BETHLEHEM
ILLINOIS DEPARTMENT OF REVENUE,
NEW JERSEY DIVISION OF TAXATION,
NYS SALES TAX PROCESSING,
NORTH CAROLINA DEPARTMENT OF REVENUE
PA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
WEST GOSHEN
MECKLENBURG COUNTY
ANDERSEN TAX HOLDINGS LLC
ANDERSEN TAX LLC
ILLINOIS DEPT. OF REVENUE
MAINE REVENUE SERVICES
LANCASTER COUNTY
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
NORTH CAROLINA DEPT. OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
PENNSYLVANIA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NORTH CAROLINA DEPARTMENT OF REVENUE
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
DURHAM COUNTY, NC
PENNSYLVANIA DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
(EASTERN) LEBANON COUNTY TREASURER
ILLINOIS DEPARTMENT OF REVENUE
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NORTH CAROLINA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPT. OF REVENUE SERVICES
ILLINOIS DEPARTMENT OF REVENUE
PENNSYLVANIA DEPT. OF REVENUE
NEW JERSEY DIVISION OF TAXATION
MAINE REVENUE SERVICES
ILLINOIS DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
CONNECTICUT DEPARTMENT OF LABOR
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF NEW JERSEY UNCLAIMED PROPERTY DIVISION
MAINE DEPARTMENT OF THE SECRETARY OF STATE
STATE OF DEPARTMENT OF ENVIRONMENTAL CONSERVATION

ENVIRONMENTAL PROTECTION AGENCY
STATE OF NEW YORK ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE
EEOC PHILADELPHIA DISTRICT OFFICE
ENVIRONMENTAL PROTECTION AGENCY
STATE OF CONNECTICUT UNCLAIMED PROPERTY DIVISION
STATE OF NORTH CAROLINA UNCLAIMED PROPERTY PROGRAM
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF NORTH CAROLINA ATTORNEY GENERAL
MAINE SECRETARY OF STATE
SECRETARY OF STATE-ILLINOIS
STATE OF ILLINOIS ATTORNEY GENERAL
DELAWARE SECRETARY OF STATE
SECRETARY OF STATE NEW JERSEY
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
NORTH CAROLINA SECRETARY OF STATE
STATE OF CONNECTICUT ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NORTH CAROLINA ATTORNEY GENERAL
STATE OF PENNSYLVANIA ATTORNEY GENERAL
STATE OF PENNSYLVANIA BUREAU OF CONSUMER PROTECTION
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
SECRETARY OF STATE NORTH CAROLINA
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE-ILLINOIS
INTERNAL REVENUE SERVICE
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCYREGION 2 RCRA PROGRAMS BRANCH
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCYBUREAU OF SOLID WASTE MANAGEMENT
ILLINOIS SECRETARY OF STATE
STATE OF ILLINOIS ATTORNEY GENERAL
EEOC NEW YORK DISTRICT OFFICE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
STATE OF ILLINOIS UNCLAIMED PROPERTY DIVISION
ILLINOIS SECRETARY OF STATE
NORTH CAROLINA DEPARTMENT OF LABOR
NEW YORK DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
STATE OF NEW YORK CONSUMER PROTECTION DIVISION
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY
STATE OF CONNECTICUT CONSUMER PROTECTION DIVISION
ILLINOIS SECRETARY OF STATE
EEOC BUFFALO LOCAL OFFICE
EEOC PITTSBURGH AREA OFFICE

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION (DEEP)
STATE OF MAINE UNCLAIMED PROPERTY DIVISION
EEOC NEWARK AREA OFFICE
STATE OF PENNSYLVANIA DEPT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE CONNECTICUT
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
SECRETARY OF STATE PENNSYLVANIA
SECRETARY OF STATE NEW YORK
STATE OF NEW YORK UNCLAIMED PROPERTY DIVISION
STATE OF PENNSYLVANIA UNCLAIMED PROPERTY DIVISION
STATE OF NEW JERSEY ATTORNEY GENERAL
NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
STATE OF NEW JERSEY CONSUMER AFFAIRS DIVISION
MAINE DEPARTMENT OF LABOR
DURHAM COUNTY ENGINEERING AND ENVIRONMENTAL SERVICES UTILITIES DIVISION
COLORADO DEPARTMENT OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE
HARTFORD DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA
CITY OF GREENVILLE
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
GREELEY SALES TAX DIVISION
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CONNECTICUT DEPT. OF REVENUE SERVICES
STATE OF CONNECTICUT ATTORNEY GENERAL
OFFICES OF THE UNITED STATES ATTORNEYS
WASHINGTON DC ATTORNEY GENERAL
WAYNE COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
WESTCHESTER COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
PUTNAM COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
WASHINGTON COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
CITY OF GREELEY TAX DEPARTMENT
CITY OF HARTFORD
CITY OF KENT
CITY OF GREENVILLE
COLORADO DEPARTMENT OF REVENUE
DC OFFICE OF FINANCE AND TREASURY
CITY OF WASHINGTON
CONNECTICUT OFFICE OF THE TREASURER
CONNECTICUT DEPARTMENT OF REVENUE SERVICES

CITY OF LAKEWOOD-FINANCE DEPT.
GREENVILLE BOROUGH TAX COLLECTOR
CONNECTICUT COMMISSIONER OF REVENUE SERVICES
SOUTH STRABANE TOWNSHIP
NORTH FRANKLIN TOWNSHIP
TOWN OF WINDSOR
WAYNE COUNTY, PA AUDITOR
WASHINGTON TOWNSHIP TREASURER
NORTH FRANKLIN TOWNSHIP
TOWN OF BERLIN
THE DC OFFICE OF TAX AND REVENUE
WASHINGTON COUNTY TREASURER
TOWN OF HAMDEN
MONMOUTH COUNTY NJ COUNTY CONSUMER PROTECTION AGENCY
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS
TOWN OF CATSKILL
TOWN OF THOMPSON
TOWN OF LAKE FOREST
HENDERSONVILLE COUNTY
TOWN OF MERRILL
MANALAPAN TOWNSHIP
BRUNSWICK TOWNSHIP
BURLINGHAM TOWN
GREEN LANE BOROUGH
FRYEBURG TOWN OFFICE
STARRUCCA BOROUGH TAX COLLECTOR
GLEN SPEY TOWN
LONG VALLEY
TOWN OF GUILFORD
SWAN LAKE
TOWN OF BELGRADE
TOWN OF POLAND
TOWN OF EATON

**U.S. Trustee Office**

ADELA ALFARO
ANGELIZA ORTIZ-NG
DANIEL C. KROPIEWNICKI
DAVID GERARDI
FRAN B. STEELE
FRANCYNE D. ARENDAS
JAMES STIVES

JEFFREY SPONDER
KIRSTEN K. ARDELEAN
LAUREN BIELSKIE
MICHAEL ARTIS
PETER J. D'AURIA
RACHEL WOLF
SAMANTHA LIEB
SAVANNA CRUZ
TIA GREEN
TINA L. OPPELT
WILLIAM J. ZIEMER

**Utilities**

8X8, INC.
AMPION
ARCHIE'S INC.
AT&T WIRELESS
AXIOM
BANNON'S SANITATION
BLUE RIDGE
CASELLA WASTE
CASELLA WASTE / PINE TREE
CASSELLA
CASTELLA WASTE
CENTRAL MAINE POWER
CENTRAL MAINE POWER
CENTRAL MAINE POWER (CMP)
COMCAST
COMCAST BUSINESS
COMCAST/XFINITY
COMED
CON EDISON
CONSOLIDATED EDISON
DIRECT FIBER
DUMPSTER NORTH CONWAY INCINERATOR
ELECTRIC CENTRAL MAINE POWER
EVERSOURCE
EVERSOURCE ENERGY
FERREL GAS
FIRMSTONE OIL
FIRST ENERGY (PENELEC)
FIRST LIGHT
FIRSTLIGHT FIBER
FOURLEAF VOICE
FOWLER

GAS DEAD RIVER COMPANY
GORDONS CORNER
GRANITE STATE COMMUNICATIONS
GREGORY'S DISPOSAL
HELIX TELECOM INC.
HIGHHOUSE ENERGY
INTERNET/PHONES CAMP
JCP&L
JCPL
MAINE WATER CO
NEWTEL
NJNG
NORTH SHORE GAS
NYSEG
OOMA
OPTIMUM
OPTIMUM CABLE
ORANGE & ROCKLAND
PECO
PENELEC
PENELEC (FIRST ENERGY)
PPL
PSE&G
REPUBLIC SERVICES
RINGCENTRAL
SANICO
SIPTRUNK
SLIC
SOUTH BRUNSWICK WATER UTILITY
SPECTRUM
SPECTRUM BUSINESS
SPECTRUM MOBILE
STARLINK
SUBURBAN PROPANE
TELESYS AND STARLINK
THOMPSON SANITATION
TOWN OF GREENBURGH
TOWN OF HILLSBOROUGH
UBIQUITI
UNIFI PROTECT
VERIZON
VERIZON BUSINESS
VERIZON WIRELESS
VONAGE
WASTE MANAGEMENT
WASTE MANAGEMENT

WASTE MANAGEMENT OF NEW HAMPSHIRE
WASTE MANAGEMENT OF NEW JERSEY, INC.
WELSH SANITATION SERVICE
WIN WASTE INNOVATIONS
ZOOM

**Vendors**

ABBIE SOPHIA, LLC
AIFS CAMP AMERICA
AMUSEMENT SUPPLY CO
B&B ELECTRIC, LLC
BD CAMP TRIPS
BERNAS CONSTRUCTION LLC
BMA CONTRACTING, INC
BROWN COACH, INC.
CAMP LEADERS (SMALLER EARTH LIMITED)
CAROLINA GOLF CARS
CAROLINA LANDSCAPE MANAGEMENT
CBH ELECTRIC INC
COUNTY LINE SHEDS
CRUSTERS
CUSTOM POOLS & SPAS
DRISCOLL FOODS
FRANKEL DISPOSABLES B
FRANKEL DISPOSABLES G
GZA INC.
HALES BUS GARAGE
HOFFMAN PRODUCTIONS, INC
HOME DEPOT CREDIT SERVICES
IENA
IVY OAKS
IVY OAKS ANALYTICS
JOHN ROSS, INC
KOSHERLINE LLC
LOWE'S
MTC DJ SERVICE
NYSIF WORKERS' COMPENSATION
OXFORD HEALTH PLANS
POLJAK ASSOCIATES
POND HILL RANCH
ROYAL KOSHER B
RYCHIK DESIGN & CONSTRUCTION CO., INC.
SIMPLY SUSHI
TRI STATE BUSSING LLC

UPSTATE DAIRY/ GOLDEN FLOW- BOYS KITCHEN
WATERMARK LANDSCAPE ARCHITECTURE
WYDE LUMBER & SUPPLY