The order below is hereby signed.

Signed: October 8 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-465-ELG |
| | ) | (Chapter 11) |
| Synergy CHC Corp.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING APPLICATION**
**TO EMPLOY CHIEF RESTRUCTURING OFFICER**

Upon consideration of the *Application to Approve Employment of Lauren P. Berret of Eisner Advisory Group LLC as Chief Restructuring Officer* (the "Application"), ECF No. 8, filed by Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), the authorities cited therein, including the supplemental authorities filed in further support thereof, ECF No. 62, the record herein, and the arguments adduced at the hearings on the Application on September 10, 2026, and October 2, 2026, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Application be, and hereby is, GRANTED, as set forth herein;

[1] The Debtors in these cases are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG.

ORDERED, that Lauren P. Berret ("Ms. Berret") shall remain chief restructuring officer ("CRO") of each of the Debtors; and it is further

ORDERED, that Ms. Berret may be supported by her firm—Eisner Advisory Group—in carrying out the work of CRO; and it is further

ORDERED, that any and all post-petition compensation paid to Ms. Berret and her firm shall be subject to judicial approval (whether expressly or through interim compensation procedures arising under the Local Rules of this Honorable Court or otherwise provided for by court order); and it is further

ORDERED, that Ms. Berret may not be removed as CRO of any of the Debtors except by (i) her voluntary resignation; or (ii) order of this Honorable Court, for good cause shown; and it is further

ORDERED, that Ms. Berret has all authority to act for the Debtors and their estates in these chapter 11 cases and is not and will not be subject to any direction of the board of directors, Jack Ross, or any other officer or director of the Debtors; and it is further

ORDERED, that Ms. Berret's service shall not be deemed "temporary" in nature and, absent further order of this Honorable Court (or Ms. Berret's resignation), shall continue until such a time as the earliest to occur of (i) the effective date of a confirmed plan of reorganization; (ii) dismissal of these cases; or (iii) conversion of these cases to proceedings under chapter 7; and it is further

ORDERED that notwithstanding any other provision of this order, Ms. Berret shall conduct her duties as CRO subject to the terms of the agreement reached between the Debtors and ACP Agency LLC and Acme Credit Partners LLC that was read into the record of these chapter 11 cases on September 15, 2026 ("ACP Agreement") and the Acceptance of Collateral in Partial

Satisfaction Agreement (United States and Canada) subsequently approved by order of the Court on October 2, 2026, ECF 69-1 ("Collateral Agreement"), and shall have all authority for the Debtors and their estates to effectuate the terms of the ACP Agreement and the Collateral Agreement; and it is further

ORDERED that to the extent that there is any inconsistency between the terms of the Application, any engagement letter, and this Order, the terms of this Order shall govern; and it is further

ORDERED, that the agreement between Eisner Advisory Group LLC ("Eisner") and Synergy CHC Corp. ("Synergy"), entered into on or about August 26, 2026 (the "CRO Agreement"), is MODIFIED, such that:

a. On the second page thereof, the words "as long as you are afforded the opportunity to observe and/or monitor such communications and discussions" are STRICKEN from the clause previously reading "The Company further agrees that on a post Chapter 11 filing basis, the agent, lenders and their respective advisors will have unfettered access to the CRO and the CRO shall be free to communicate with and discuss and disclose to such parties information relating to the Company;"

b. On the third page thereof, the following words are STRICKEN: "The CRO Services will be performed under the direction of management and management accepts responsibility for all management decisions. EA Group is advising and will not perform management functions or make management decisions on behalf of the Company. However, we will provide advice and recommendations in an advisory capacity to assist management of the Company in performing its functions and making decisions;" and

c. In lieu of the foregoing stricken language, the following language is interlineated: "the CRO Services, post-petition, shall include the placement of the CRO at the helm of the Company and each of its subsidiaries and, in said capacity, the CRO shall direct each of the entities and their estates in a manner consistent with their statutory and fiduciary charges arising under title 11 of the United States Code, with the CRO being (i) required to (a) ensure the entities carry out those tasks requisite of a debtor-in-possession in chapter 11; (b) ensure the entities are compliant with the reporting duties of a chapter 11 debtor-in-possession; (c) assess the assets of the entities; (d) assess the liabilities of the entities; and (e) attend such hearings as may be appropriate; and (ii) permitted to (1) direct counsel to bring such suits in the name of the entities as may be in the entities' best interests to pursue and pursuable in good faith; (2) negotiate settlements and compromises (subject to the approval of the Bankruptcy Court where so required by law or rule); (3) pursue formal—and informal—discovery of facts and circumstances relevant to the entities' affairs, historic operations, and litigation rights; (4) review the propriety of the entities' contracts with third parties, and assume, assign, and/or reject said contracts (with approval of the Bankruptcy Court where required by law); (5) review the work of entities' general reorganization counsel; (6) engage new—or special—counsel on behalf of the entities (with approval of the Bankruptcy Court where required by law); and (7) perform such other tasks and duties as may be reasonably necessary to carry out the duties herein enumerated or as may be consistent with the role of a CRO;" and it is further

ORDEERED, that where the CRO Agreement provides, "[u]pon the Company commencing one or more cases under the Bankruptcy Code, the engagement of EA Group to perform the Services shall be subject to the approval of the Bankruptcy Court and shall be substantially as provided in this agreement as modified by the retention order approved by the

Bankruptcy Court," on the third page thereof, this order shall constitute the retention order therein referenced and, in addition to the modifications expressly set forth in the preceding clauses, the requirements and permissions set forth *supra* shall equally govern the engagement of Eisner post-petition; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
*Counsel for the Debtors*

Seen:

/s/ Kevin M. Davis (signed w/ express permission)
Kevin M. Davis
Caplin & Drysdale, Chartered
1200 New Hampshire Ave. NW, 8th Floor
Washington, DC 20036
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
kdavis@capdale.com
*Counsel to ACP Agency LLC and*
*Acme Credit Partners LLC*

Approved as to Form:

/s/ Theodore Cohen (signed w/ express permission)
Theodore Cohen
Sheppard, Mullin, Richter & Hampton LLP
350 South Grand Avenue, 40th Floor

Los Angeles, California 90071
(213) 620-1780
tcohen@sheppard.com
*Counsel for Sanders Morris, LLC*

Seen and Objected to:

/s/ Kristen S. Eustis (signed w/ express permission)
Kristen S. Eustis
Trial Attorney
Department of Justice
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227 Direct Dial
Kristen.S.Eustis@usdoj.gov
*Counsel for the United States Trustee*