SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore A. Cohen, California Bar No. 151427,
*Admitted Pro Hac Vice*
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071
Telephone: (213) 617-4237
Email: tcohen@sheppard.com

2099 Pennsylvania Avenue NW
Suite 100
Washington, DC 20006
(202) 747-1900

*Counsel for Unsecured Creditor Sanders Morris, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>Synergy CHC Corp.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00465-ELG<br><br>Jointly Administered |

**SANDERS MORRIS, LLC'S OPPOSITION TO MOTION TO APPROVE COMPROMISE WITH JACK ROSS**

Creditor Sanders Morris, LLC ("Sanders Morris") opposes the Motion to Approve Compromise with Jack Ross ("9019 Motion") [Dkt. No. 11] filed by Debtors (as defined below),[1] and requests that the Court deny the 9019 Motion. In support of this opposition to the 9019 Motion, Sanders Morris states as follows:

### A. The CRO Did Not Consider the Interests of Creditors

1. Per Debtors' schedules [Dkt. No.1], aside from any deficiency claim of secured creditor Acme Credit Partners, LLC ("Acme'), Sanders Morris is by far Debtors' largest

[1] The debtors in these cases ("Debtors") are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand

unsecured creditor, holding an undisputed, liquidated, non-contingent claim of $10,140,936.16, which accounts for approximately two-thirds of unsecured debt, again, independent of any deficiency claim of Acme. Based thereon, Sanders Morris' position on the 9019 Motion is of paramount importance in considering whether the terms of the proposed settlement between Jack Ross ("Ross") and Debtors (the "Proposed Settlement") is in the interest of creditors, under the authorities cited by Debtors (9019 Motion, p. 4).

2. Moreover, Chief Restructuring Officer Lauren Berret (the "CRO") testified that she did not seek the input of any creditors before entering into the Proposed Settlement with Ross [Transcript, Ex. 1 hereto, 34:12-17]. As the Court is aware, in addition to Sanders Morris, Acme and the United States Trustee also oppose the 9019 Motion, meaning that creditors holding the vast majority of claims against the Debtors believe that the Proposed Settlement is not in the interests of creditors.

**B. The Rationale For the Proposed Settlement No Longer Exists**

3. Under the terms of the Proposed Settlement, Ross would receive a complete release from the Debtors in exchange for cooperating with the Debtors and paying a paltry $100,000.[2] In explaining the alleged rationale for the Proposed Settlement and the 9019 Motion, Debtors' counsel argued at the first day hearings that Debtors and Chief Restructuring Officer Lauren Berret (the "CRO") need Ross' cooperation to maintain the value of Debtors' assets while Debtors pursue a sale during the bankruptcy. Moreover, in the Motion (page 2), Debtors argued that Ross' cooperation is needed for Debtors' "restructuring efforts". However, based on the Court's October 2, 2026 Order Granting Motion to Abandon Encumbered Property, Lift the

---

MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG. Debtors have agreed that Sanders Morris has until October 14, 2026 to file this opposition.

[2] Under the terms of the Proposed Settlement, Ross does not provide a release to the Debtors. While Debtors' counsel indicated that Ross would agree to provide a release, for the reasons set forth herein, even if Ross were to provide a release, the Motion should still be denied.

Automatic Stay, and Authorize and Approve the Foreclosure and Acceptance Agreement (the "Abandonment Order") [Dkt. No. 69], substantially all of Debtors' assets have been abandoned to Acme and there will be no bankruptcy sale or restructure - - so there is no value to maintain. Moreover, based on the Court's October 8, 2026 Order Granting Application to Employ Chief Restructuring Officer (the "CRO Order") [Dkt. No. 73], the CRO has full authority to act for the Debtors and is not subject to any direction of Ross. The CRO can pursue claims against third parties, including Ross and the MCA entity. Ross' alleged cooperation no longer is necessary, and settling with Ross on the terms of the Proposed Settlement is not warranted at all, let alone on an expedited basis.

### C. There is Insufficient Evidence Before the Court to Evaluate Probable Validity or Invalidity of Success on the Merits

4. The CRO testified that she conducted the entire analysis of potential claims against Ross and did all the preparation for the six chapter 11 filings in the nine days between her retention and execution of the Proposed Settlement [Transcript 37:17-38:8]. This included speaking with Ross and other management, requesting information and documents, receiving answers to her questions, reviewing documents, analyzing the facts and issues, and negotiating the terms of and documenting the Proposed Settlement.

5. The CRO obtained all the information and documents she received internally at the Debtors from Mr. Ross and other management. There is no evidence that the CRO consulted with Debtors' accountants or any other outside sources. There is no evidence as to what bank accounts the CRO obtained bank statements for and that she verified that there were no other company bank accounts. While the CRO testified that she considered legal claims, there is no evidence of any legal analysis she performed.

6. The CRO testified that she did not consider (i) seeking a buyer willing to pay more than $100,000 for potential claims against Ross [Transcript 59:24-60:10], or (ii) attempting to obtain a loan from Ross rather than providing him a general release [Transcript 47:17-23].

7. Simply, there is insufficient evidence before the Court on the 9019 Motion to reach a conclusion as to the probability of success or lack thereof on the merits, including the validity of legal claims and the amount of the potential recovery. Given that there is no longer an alleged need to effectuate the Proposed Settlement in light of the Abandonment Order and the CRO Order, a more fulsome record is needed before the Court can evaluate whether $100,000 is an appropriate amount in exchange for a full release.

**D. Complexity of the Litigation and Difficulty in Collection**

8. The potential claims against Ross are not complex. They include, among other things, garden variety fraudulent transfer and insider preference claims, which are often handled by counsel on a contingency basis. Given the Abandonment Order, there is no risk of litigation interfering with any reorganization efforts. With respect to collectability, the CRO testified that she did not look into or consider Ross' financial condition or net worth [Transcript 48:18-24]. And in the Motion (page 5), Debtors admit that "the finances of Mr. Ross are largely unknown." While Ross apparently is not a United States resident, it's not like he is located in a country halfway around the world where it is difficult to enforce judgments. Ross apparently is a Canadian resident who does business in the United States. There is no evidence before the Court indicating that a judgment against Ross would not be collectable.

**E. Conclusion**

9. Debtors have failed to establish the elements necessary to grant the 9019 Motion. There is no basis to approve the Proposed Settlement for a mere $100,000, on an expedited basis or otherwise, in light of the Abandonment Order and the CRO Order. For, among other reasons,

those set forth herein and in the testimony and argument before the Court, Sanders Morris respectfully requests that the Court deny the 9019 Motion.

Dated: October 14, 2026

/s/ Theodore A. Cohen
Theodore A. Cohen
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.617.4237
tcohen@sheppard.com

2099 Pennsylvania Avenue NW
Suite 100
Washington, DC 20006
(202) 747-1900

**Certificate of Service**

The undersigned certifies that a true and correct copy of the foregoing was served electronically on October 14, 2026, via CM/ECF to all persons receiving notice through that system.

/s/ *Margaret Tzeng*