Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-465-ELG |
| | ) | (Chapter 11) |
| Synergy CHC Corp.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION TO SHORTEN TIME**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006, and move this Honorable Court to shorten any response time correlative to the *Supplement to Motion to Approve Compromise with Jack Ross*, ECF No. 79 (the "Supplement"), and in support thereof state as follows:

This is a purely precautionary motion. The Debtors have previously sought to enter into a compromise with Jack Ross ("Mr. Ross"), *see* ECF No. 11, and the time to respond thereto has

[1] The Debtors in these cases are Synergy Reorg, LLC, Case No. 26-464-ELG.; Synergy CHC Corp., Case No. 26-465-ELG; Synergy CHC Inc., Case No. 26-466-ELG; Hand MD Corp., Case No. 26-467-ELG; NomadChoice Pty, Ltd., Case No. 26-468-ELG; and Synergy CHC Mexico, Case No. 26-469-ELG.

been previously shortened by court order, *see* ECF No. 15. Even if not shortened, the ordinary time to reply thereto has long-since lapsed, *see* Fed. R. Bankr. P. 2002(a)(3), and an objection has been timely memorialized on the docket, *see* ECF No. 22.

The Supplement, however, seeks to alter the proposed compromise on terms uniformly *more* beneficial to the estate and creditors, by seeking additional funds (twice the original proposed sum) and by using the resolution as a mechanism to resolve the estate's ownership of certain foreign intellectual property marks. The Debtors realize, in turn, this means there is some relief being sought that is grantable under section 363 of the Bankruptcy Code. And that, in turn, requires an elongated notice period. *See* Fed. R. Bankr. P. 2002(a)(2).

Accordingly, with all parties having been on notice of the proposed transaction for a healthy quotient of time, and with the core terms of the modified settlement having been previously previewed on the record, it is respectfully urged there exists "cause" to shorten any applicable time periods, *see* Fed. R. Bankr. P. 9006(b), so as to have a hearing on the original motion—as modified by the Supplement—on November 18, 2026.

The Debtors do not object to any argument in opposition to the Supplement being first made on the record, at the aforesaid hearing.

*[Signature and Certificate of Service on Following Page]*

Respectfully submitted,

Dated: November 12, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of November, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig