# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors") and Jack Ross ("Mr. Ross") (the Debtors and Mr. Ross being collectively known as the "Parties," and each a "Party").

## RECITALS

WHEREAS, the Debtors have petitioned for chapter 11 relief pursuant to section 301 of title 11 of the United States Code; and

WHEREAS, Mr. Ross is and/or was an officer, director, and contractor of one or more of the Debtors; and

WHEREAS, the Debtors did not hold director and officer insurance ("D&O Insurance") policies for the majority of their pre-petition existence; and

WHEREAS, prior to seeking bankruptcy relief, the Debtors—through their independent chief restructuring officer ("CRO")—have investigated the historic financial dealings of the Debtors with Mr. Ross; and

WHEREAS, since seeking bankruptcy relief, the Debtors—through their CRO—have continued the aforesaid investigation into the historic financial dealings of the Debtors with Mr. Ross; and

WHEREAS, the CRO has independently formed a belief that there do not likely exist any non-*de minimis* and meritorious claims or causes of action to be pursued against Mr. Ross, but the CRO nonetheless wishes to procure funds in settlement of any such claims so as to finance the Debtors' bankruptcy cases; and

WHEREAS, one or more of the Debtors would be obligated to indemnify Mr. Ross, in connection with any litigation brought, and such potential financial peril is exacerbated by the absence of D&O Insurance; and

WHEREAS, Mr. Ross is willing to pay monies to the estate of Synergy CHC Corp. in settlement of any claims or causes of action any of the Debtors may hold against Mr. Ross;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, IT IS AGREED as follows:

## AGREEMENT

1. **Payment**. On or before the third business day succeeding the date on which the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") enters an order approving the Debtors' entry into this Agreement (the "9019 Order"), Mr. Ross shall pay—or cause to be paid—to the bankruptcy estate of Synergy CHC Corp. the sum of One Hundred Thirty Thousand Dollars and No Cents ($130,000.00), in the lawful currency of the United States, via wire, certified funds, or other immediately available monies. One or more of the Debtors shall be obligated to file a motion, seeking entry of the 9019 Order, not later than 9:00 am prevailing eastern time on Thursday, November 26, 2026.

2. **Release of Mr. Ross and His Closely Held Entity**. Upon the later of (i) receipt of the monies provided for in section 1 hereof, and (ii) entry of the 9019 Order, each of the Debtors will be irrevocably deemed to have forever waived, released and demised any claims, known or unknown, whether sounding in law or equity, whether direct or derivative, whether actionable under chapter 5 of title 11 of the United States Code or through any other provision or law or equity, emanating from the beginning of time through September 4, 2026, against Mr. Ross and/or Kenek Brands Inc. ("Kenek"). It is the express intent of the Parties that this release be regarded in

the broadest terms permitted by controlling law but, equally, that this release not be construed to relieve either Party of its obligations to perform under this Agreement.

3. **Release of Debtors**. Upon entry of the 9019 Order, Mr. Ross and Kenek will each be irrevocably deemed to have forever waived, released and demised any claims, known or unknown, whether sounding in law or equity, whether direct or derivative, whether pursuable under section 501 of title 11 of the United States Code or through any other provision or law or equity, emanating from the beginning of time through the date of entry of the 9019 Order, against each of the Debtors.

4. **No Withheld Material Information**. Notwithstanding any other provision of this Agreement, the Debtors enter into this Agreement based upon the information that has been made available to the CRO (whether directly or through the public sphere) and based upon the CRO's review of said information. Should it later be discovered that any material information has been withheld from the CRO, the Debtors shall have the right—but not the obligation—to seek judicial recission of this Agreement.

5. **No Admission of Liability**. This Agreement is not an admission of liability on the part of any Party hereto. To the contrary, this Agreement is intended to remedy a historic absence of D&O Insurance, to bring finality to Mr. Ross, and to endow the Debtors will funds with which to operate in chapter 11. It is very much the underlying thesis of this Agreement that such a settlement would not be undertaken if the CRO believed meritorious causes of action, of any discernable value, to be pursuable.

6. **Failure to Obtain Approval**. Should the Bankruptcy Court fail to enter the 9019 Order by the close of business on Monday, December 21, 2026, then Mr. Ross shall have the option to terminate this Agreement.

7. **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

8. **Entire Understanding.** This Agreement contains the entire understanding between the Parties as to the subject matter hereof. No modification or waiver of any of the terms of this Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Agreement is executed, *provided, however,* that the endorsement of counsel for the parties, upon an order entered by any court of the United States, shall be regarded as binding the parties in a manner at least as formal as the execution of this Agreement.

9. **Savings Clause.** If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect, *except* that if the provisions of Section 1 are held to be invalid or unenforceable, this Agreement shall be deemed void ab initio.

10. **No Waiver**. Any waiver or breach or default of this Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her, and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format

(PDF) shall be deemed original signatures for all purposes. This Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

12. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the United States of America and the District of Columbia. The sole venue for any disputes arising hereunder, or related to this Agreement, shall be the courts situated in the District of Columbia, and the Parties irrevocably consent to the personal jurisdiction of each said court.

13. **Headings.** The headings used in this Agreement are for ease of reference only and shall not be deemed a substantive portion of this Agreement.

14. **Construction.** Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

15. **Recitals.** The above recitals form an integral and substantive part of this Agreement and are incorporated herein by reference.

*IN WITNESS WHEREOF*, the undersigned have executed this Agreement on the dates indicated.

SYNERGY CHC CORP.

| | |
|---|---|
| ____________________ | ____________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

SYNERGY REORG, LLC

| | |
|---|---|
| ______________________ | ______________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

SYNERGY CHC INC.

| | |
|---|---|
| ______________________ | ______________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

HAND MD CORP.

| | |
|---|---|
| ______________________ | ______________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

SYNERGY CHC MEXICO

| | |
|---|---|
| ______________________ | ______________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

NOMADCHOICE PTY, LTD.

| | |
|---|---|
| ______________________ | ______________________ |
| Date | By: Lauren Berret<br>Its: Chief Restructuring Officer |

KENEK BRANDS INC.

| | |
|---|---|
| ________________________ | ____________________________________ |
| Date | By: Jack Ross<br>Its: Authorized Agent |
| ________________________ | ____________________________________ |
| Date | Jack Ross |